FILED

2018 JAN 12 PM 12: 41

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROXICOM WIRELESS, LLC,

Plaintiff,

v.

MACY'S, INC. and
MACY'S FLORIDA STORES, LLC,

Defendants.

CASE NO.: 6:18-cv-04-ORL-37-GJK

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Proxicom Wireless, LLC ("Proxicom"), by and through undersigned counsel,

sues Defendants Macy's, Inc. and Macy's Florida Stores, LLC (collectively, "Defendants" or

"Macy's") and, pursuant to Rule 8, Federal Rules of Civil Procedure, alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* arising

out of Macy's infringement of U.S. Patent Nos. 8,090,359, 8,116,749 and 8,374,592

(collectively, the "patents-in-suit"). The following allegations of patent infringement arise

from the direct actions of Defendant Macy's, Inc. and/or actions of Defendant Macy's

Florida Stores, LLC under the direction and control of its parent company, Defendant

Macy's, Inc.

## PARTIES, JURISDICTION & VENUE

2.      Plaintiff Proxicom is a limited liability company duly organized and existing

under the laws of the State of Florida and having its principal place of business at 1680 N.

Riverside Dr., Indialantic, Florida 32903. Proxicom has only two members: the inventors of

the patents-in-suit, James Arthur Proctor, Jr. and James Arthur Proctor, III, individuals who are citizens of the State of Florida.

3.      Defendant Macy's, Inc. is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202. For purposes of diversity, Macy's, Inc. is a citizen of the States of Delaware and Ohio.

4.      Defendant Macy's Florida Stores, LLC is a limited liability company duly organized and existing under the laws of the State of Ohio and having its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202. The sole member of Macy's Florida Stores, LLC is non-party Macy's Retail Holdings, Inc., a New York corporation having its principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202. For purposes of diversity, Macy's Florida Stores, LLC is a citizen of the States of New York and Ohio. Plaintiff Proxicom is informed and believes that Defendant Macy's Florida Stores, LLC owns and/or operates all Macy's retail stores within the State of Florida.

5.      Because this is an action arising under the patent laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 (exclusive of attorneys' fees, interest and costs), this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants maintain or have maintained continuous and systematic contacts with, and regularly transact business in, the State of Florida and this judicial district, and because

Proxicom's claims arise out of Defendants' operating, conducting, engaging in, or carrying on a business venture in the State of Florida and this judicial district and committing tortious acts in the State of Florida and this judicial district.

7.    Venue is proper in the Middle District of Florida under 28 U.S.C. §§ 1391 and 1400(b) because Defendants are subject to personal jurisdiction and, therefore, deemed to reside in this judicial district, and because Defendants maintain established places of business in this judicial district and have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 at their places of business in this judicial district. Defendants' regular and established places of business in this judicial district include at least three stores in Orlando, three stores in Tampa, two stores in Sarasota, and one store in Naples. Additionally, Proxicom has suffered harm in this judicial district due to Defendants' infringement of the patents-in-suit.

8.    All conditions precedent to the maintenance of this suit and Proxicom's claims have occurred, been performed or otherwise waived.

### FACTUAL BACKGROUND

9.    Proxicom was founded by Messrs. James Arthur Proctor, III and James Arthur Proctor, Jr. (father and son). Proxicom was founded to research and develop wireless technology using proximity wireless signals. Messrs. Proctor and Proctor are coinventors on the patents-in-suit.

10.    Macy's purports to have over 800 stores in the United States operating under the Macy's brand name and other brand names. At least by 2013, Macy's began implementing the beacon technology developed by Proxicom in Macy's retail stores.

Proxicom's patented technology is being used in many if not all of Macy's stores, including in the Middle District of Florida.

11.     Proxicom is the assignee and owner of all rights to enforce U.S. Patent No. 8,090,359 ("'359 Patent"), entitled "Exchanging Identifiers Between Wireless Communication to Determine Further Information to Be Exchanged or Further Services to Be Provided," and has full rights to sue and recover damages from all past, present and future infringements of the '359 Patent. The '359 Patent was duly and legally issued by the United States Patent and Trademark Office on January 3, 2012. The inventors of the '359 Patent are James Arthur Proctor, Jr. of Melbourne Beach, Florida and James Arthur Proctor, III of Indialantic, Florida.

12.     A true and correct copy of the '359 Patent is attached as **Exhibit 1.**

13.     Proxicom is the assignee and owner of all rights to enforce U.S. Patent No. 8,116,749 ("'749 Patent"), entitled "Protocol for Anonymous Wireless Communication," and has full rights to sue and recover damages from all past, present and future infringements of the '749 Patent. The '749 Patent was duly and legally issued by the United States Patent and Trademark Office on February 14, 2012. The inventors of the '749 Patent are James Arthur Proctor, Jr. of Melbourne Beach, Florida and James Arthur Proctor, III of Indialantic, Florida.

14.     A true and correct copy of the '749 Patent is attached as **Exhibit 2.**

15.     Proxicom is the assignee and owner of all rights to enforce U.S. Patent No. 8,374,592 ("'592 Patent"), entitled "Exchanging Identifiers Between Wireless Communication to Determine Further Information to Be Exchanged or Further Services to

Be Provided," and has full rights to sue and recover damages from all past, present and future infringements of the '592 Patent. The '592 Patent was duly and legally issued by the United States Patent and Trademark Office on February 12, 2013. The inventors of the '592 Patent are James Arthur Proctor, Jr. of Melbourne Beach, Florida and James Arthur Proctor, III of Indialantic, Florida.

16.     A true and correct copy of the '592 Patent is attached as **Exhibit 3**.

## COUNT I

### (Infringement of the '359 Patent)

17.     Proxicom re-alleges and incorporates the allegations set forth above in Paragraphs 2 through 12 as though fully set forth herein.

18.     Macy's makes, uses, and/or imports beacon technology at its retail stores—including stores within the Middle District of Florida—that infringe at least claim 1 of the '359 Patent.

19.     To the extent the preamble of claim 1 of the '359 Patent is limiting, Macy's employs a central server to exchange information between one or more wireless devices to perform the steps claimed in claim 1. Macy's instructs its customers to install on their mobile devices either the Macy's application or a third-party application to communicate with a central server.

20.     The central server receives a second device identifier information from a first wireless device. Macy's customers, through the Macy's application or third-party application installed on the customers' mobile devices, send second identifier information to the central server under Macy's control.

21.     The second device identifier information is collected by the first wireless device from a second device and the second device provides the second device identifier information to the first wireless device using short range communication without the use of wires from the second device to the first wireless device. Macy's customers use either the Macy's application or third-party application installed on their mobile devices to collect the second device identifier information from beacons deployed at Macy's stores. The beacons transmit the second device identifier information using Bluetooth Low Energy (BLE) technology. The customers' mobile devices receive the second device identifier information via BLE transmission and transmit the second device identifier to the central server.

22.     The central server uses the second device identifier information to determine information concerning an entity or object located in proximity to the second device. The central server maintained by Macy's uses the second device identifier information to determine information about the store and/or products in proximity to the beacon that provided the second device identifier information.

23.     After receiving the second device identifier information from the first wireless device, the central server takes action to deliver information to the first wireless device based at least in part upon the second device identifier information. For example, Macy's at times will instruct the central server to send a message to its customers in response to the information received from the customers' mobile devices.

24.     The information delivered by the central server will at times be information representing a reward for an entity associated with the first wireless device's participation in

a loyalty program. Macy's provides its customers with promotional discounts for using the Macy's application and points through the third-party application.

25. By making, using, testing, offering for sale, selling, and/or importing beacon technology, including but not limited to the beacon technology used in Macy's stores located in the Middle District of Florida, Macy's has injured Proxicom and is liable to Proxicom for directly infringing one or more claims of the '359 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

26. Macy's also indirectly infringes the '359 Patent by actively inducing and contributing to infringement under 35 U.S.C. § 271(b), (c) and (g).

27. Macy's has had knowledge of the '359 Patent and of its infringement of the '359 Patent since at least the date of service of this Complaint.

28. Macy's intended to induce patent infringement by its customers and internet hosts and providers and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Macy's installed beacons within its stores, engaged internet providers and hosts to service its beacon network, and provided its own application and third-party applications to customers that actually induced infringement of the '359 Patent.

29. As a result of Macy's infringement of the '359 Patent, Proxicom has suffered monetary damages, and seeks recovery in an amount adequate to compensate Proxicom for Macy's infringement, but in no event less than a reasonable royalty for the use made of the invention by Macy's together with interest and costs as fixed by the Court.

## COUNT II

### (Infringement of the '749 Patent)

30.     Proxicom re-alleges and incorporates the allegations set forth above in Paragraphs 2 through 10 and 13 through 14 as though fully set forth herein.

31.     Macy's makes, uses, and/or imports beacon technology at its retail stores— including stores within the Middle District of Florida—that infringe at least claim 1 of the '749 Patent.

32.     To the extent the preamble of claim 1 of the '749 Patent is limiting, Macy's employs a method for exchanging information between one or more applications executed on at least a first wireless device and a second wireless device. Through the Macy's application or a third-party application installed on customers' mobile devices, information is exchanged between customers' mobile devices and Macy's beacons.

33.     A first wireless device provides initial identification information to a central server. The Macy's application or third-party application installed on customers' mobile devices provides the initial identification information to a central server under Macy's control.

34.     The initial identification information is collected by the first wireless device from a second wireless device via a first, direct, short range local wireless link between the second and first wireless device. The initial identification information is collected by the Macy's application or third-party application installed on customers' mobile devices from a Macy's beacon using BLE technology.

35.     The initial identification information is associated at the central server with the identity of a user or entity associated with the second wireless device. The central server controlled by Macy's associates the initial identification information with a particular Macy's store or a particular beacon within a Macy's store.

36.     The initial identification information is provided to the central server by the first wireless device over a second wireless link. The customers' mobile devices transmit the initial identification information to the central server controlled by Macy's using a Wi-Fi network or cellular wireless network.

37.     A second wireless device, upon an occurrence of a predetermined event coordinated with the central server, within a specific application on the second wireless device, provides modified identification information over the first, direct, short range local wireless link in place of the initial identification information, such that the modified identification information is associated at the central server with the identity of a user or entity associated with the second device. From time to time the identifier information transmitted by Macy's beacons is changed in synchrony with the central server so that the central server continues to associate the changed identifier information with the Macy's beacon.

38.     The modified identification information is collected at the first wireless device. After the identification information is changed, the changed identification information is collected by the first wireless device through the Macy's application or third-party application installed on customer's mobile devices.

39.    By making, using, testing, offering for sale, selling, and/or importing beacon technology, including but not limited to the beacon technology used in Macy's stores located in the Middle District of Florida, Macy's has injured Proxicom and is liable to Proxicom for directly infringing one or more claims of the '749 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

40.    Macy's also indirectly infringes the '749 Patent by actively inducing and contributing to infringement under 35 U.S.C. § 271(b), (c) and (g).

41.    Macy's has had knowledge of the '749 Patent and of its infringement of the '749 Patent since at least the date of service of this Complaint.

42.    Macy's intended to induce patent infringement by its customers and internet hosts and providers and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Macy's installed beacons within its stores, engaged internet providers and hosts to service its beacon network, and provided its own application and third-party applications to customers that actually induced infringement of the '749 Patent.

43.    As a result of Macy's infringement of the '749 Patent, Proxicom has suffered monetary damages, and seeks recovery in an amount adequate to compensate Proxicom for Macy's infringement, but in no event less than a reasonable royalty for the use made of the invention by Macy's together with interest and costs as fixed by the Court.

## COUNT III

### (Infringement of the '592 Patent)

44. Proxicom re-alleges and incorporates the allegations set forth above in Paragraphs 2 through 10 and 15 through 16 as though fully set forth herein.

45. Macy's makes, uses, and/or imports beacon technology at its retail stores—including stores within the Middle District of Florida—that infringe at least claim 19 of the '592 Patent.

46. To the extent the preamble of claim 19 of the '592 Patent is limiting, Macy's employs a method for a server to exchange information with one or more wireless devices. Through the server maintained by Macy's, Macy's performs a method of communicating information from its beacons to customers' mobile devices.

47. The server receives identifier information from a first wireless device using a wide area wireless network, the identifier information having been provided to the first wireless device from a second wireless device using short range wireless communication. The server maintained by Macy's receives identifier information from Macy's customers' mobile devices over a Wi-Fi network or a wireless cellular network, the identifier information having been provided to the customers' mobile devices from a Macy's beacon using BLE technology. Receipt of the identifier information and communication to the Macy's server is mediated by the Macy's application or a third-party application installed on customers' mobile devices.

48. The server uses the identifier information to determine information concerning an entity or object located in proximity to the second wireless device. The

Macy's server uses the identifier information to identify the beacon as within a particular Macy's store or location within a Macy's store.

49. The server delivers information to the first wireless device based at least in part upon the identifier information and information representing a reward for an entity associated with the first wireless device's participation in a loyalty program. Based at least in part upon the identifier information and a promotional loyalty reward, Macy's server delivers information to customers' mobile devices representing a reward for participating in a loyalty program.

50. The information delivered to the first wireless device includes a name associated with the entity or object located in proximity to the second wireless device or a name associated with the loyalty program as determined by the server utilizing the identifier information. The information Macy's sends to customers' mobile devices includes, at a minimum, either the corporate Macy's name or a third-party loyalty program.

51. By making, using, testing, offering for sale, selling, and/or importing beacon technology, including but not limited to the beacon technology used in Macy's stores located in the Middle District of Florida, Macy's has injured Proxicom and is liable to Proxicom for directly infringing one or more claims of the '592 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a).

52. Macy's also indirectly infringes the '592 Patent by actively inducing and contributing to infringement under 35 U.S.C. § 271(b), (c) and (g).

53. Macy's has had knowledge of the '592 Patent and of its infringement of the '592 Patent since at least the date of service of this Complaint.

54.    Macy's intended to induce patent infringement by its customers and internet hosts and providers and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Macy's installed beacons within its stores, engaged internet providers and hosts to service its beacon network, and provided its own application and third-party applications to customers that actually induced infringement of the '592 Patent.

55.    As a result of Macy's infringement of the '592 Patent, Proxicom has suffered monetary damages, and seeks recovery in an amount adequate to compensate Proxicom for Macy's infringement, but in no event less than a reasonable royalty for the use made of the invention by Macy's together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Proxicom Wireless, LLC respectfully demands the following relief against Defendants Macy's, Inc. and Macy's Florida Stores, LLC:

(a)    A declaration or final judgment finding that the patents-in-suit have been and/or continue to be infringed by Defendants;

(b)    An accounting of all damages sustained by Proxicom as the result of Defendants' infringement;

(c)    Enhanced damages pursuant to 35 U.S.C. § 284;

(d)    A mandatory future royalty payable going forward for Defendants' use of Proxicom's technology and infringement of one or more of the patents-in-suit;

(e)    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f)    Costs of suit and interest; and

(g)    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff Proxicom Wireless, LLC respectfully demands a trial by jury as to all matters so triable.

Dated: January 12, 2018

Respectfully submitted,

/s/ Taylor F. Ford

Taylor F. Ford
Florida Bar No.: 0041008
Robyn M. Kramer
Florida Bar No.: 0118300
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
25 E. Pine St.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
Email: tford@kbzwlaw.com
Email: rkramer@kbzwlaw.com

Denise M. De Mory*
John Beynon*
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7253
Email: ddemory@bdiplaw.com
Email: jbeynon@bdiplaw.com
    *(Motions to appear pro hac vice forthcoming)

*Counsel for Plaintiff Proxicom Wireless, LLC*