UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PROXICOM WIRELESS, LLC,<br><br>Plaintiff/Counter Defendant,<br><br>v.<br><br>MACY'S, INC. AND MACY'S FLORIDA STORES, LLC,<br><br>Defendants/Counter Plaintiffs. | CASE NO.: 6:18-cv-00064-RBD-GJK |

**MACY'S OBJECTION, ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS TO COMPLAINT, AND DEMAND FOR JURY TRIAL**

Defendants Macy's, Inc. and Macy's Florida Stores, LLC (collectively, "Macy's" or "Defendants"), respond to Plaintiff's Proxicom Wireless, LLC ("Proxicom" or "Plaintiff") Complaint [ECF No. 1] as follows:

**OBJECTION**

This is an action for alleged patent infringement. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in Plaintiff's Complaint except for those expressly admitted. Certain allegations in Plaintiff's Complaint are legal argument and contain very few factual allegations to which Defendants can respond. As part of Plaintiff's allegations in its Complaint, it has included claim language from the three patents-in-suit. Such allegations based on the language of the patents-in-suit are improper and premature. The claims of the patents-in-suit have not yet been construed. In addition, Defendants' investigation into Plaintiff's allegations are at its early stages and ongoing. Defendants object to these allegations as improper and no response to these legal conclusions or non-factual statements is required.

**NATURE OF ACTION**

1. In response to Paragraph 1 of the Complaint, no response is required to the extent this paragraph states a legal conclusion . Macy's admits that Macy's Retail Holdings, Inc. ("MRHI") is the parent company of Macy's Florida Stores, LLC, and Macy's, Inc. is the parent company of MRHI. Macy's denies the remainder of the allegations set forth in Paragraph 1 of the Complaint.

**PARTIES, JURISDICTION & VENUE**

2. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same.

3. Macy's admits the allegations set forth in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Macy's admits that Macy's Florida Stores, LLC is a limited liability company duly organized and existing under the laws of the State of Ohio and has a principal place of business at 22 East Flagler Street, Miami, Florida 33131. Macy's also admits that MRHI is the parent company of Macy's Florida Stores, LLC. Macy's admits that MRHI is a New York corporation, having a principal place of business at 7 West Seventh Street, Cincinnati, Ohio 45202. Macy's further admits that Macy's Florida Stores, LLC operates Macy's retail stores within the State of Florida, and MRHI operates Macy's retail stores in the United States located outside of the State of Florida. Macy's denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, no response is required to the extent this paragraph states a legal conclusion. Macy's denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Macy's denies that Macy's, Inc. transacts business within the State of Florida or this judicial district. Macy's admits that Macy's Florida Stores, LLC transacts business within the State of Florida. Macy's denies that it has committed any tortious acts or acts of infringement in this or any judicial district. Macy's denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, no response is required to the extent this paragraph states a legal conclusion. Macy's denies that it has committed any acts of infringement in this or any judicial district. Macy's admits that Macy's Florida Stores, LLC operates Macy's retail stores within the State of Florida in this judicial district. Macy's denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

## FACTUAL BACKGROUND

9. Macy's is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10. In response to Paragraph 10 of the Complaint, Macy's admits that through various subsidiaries of Macy's, Inc., it operates more than 690 department stores under the nameplates Macy's and Bloomingdale's, and approximately 160 specialty stores that include Bloomingdale's The Outlet, Bluemercury and Macy's Backstage. Macy's denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Macy's admits that the document United States Patent No. 8,090,359 ("the '359 Patent") speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12. In response to Paragraph 12 of the Complaint, Macy's admits that the '359 Patent speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13. In response to Paragraph 13 of the Complaint, Macy's admits that the document United States Patent No. 8,116,749 ("the '749 Patent") speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14. In response to Paragraph 14 of the Complaint, Macy's admits that the '749 Patent speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15. In response to Paragraph 15 of the Complaint, Macy's admits that the document United States Patent No. 8,374,592 ("the '592 Patent") speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16. In response to Paragraph 16 of the Complaint, Macy's admits that the '592 Patent speaks for itself. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

**COUNT I**
**(Infringement of the '359 Patent)**

17. Macy's incorporates its responses to Paragraphs 1-16 of the Complaint as though fully set forth herein.

18. In response to Paragraph 18 of the Complaint, Macy's denies that it uses any beacon technology that infringes the '359 Patent. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19.-24. The allegations contained in Paragraphs 19 through 24 of the Complaint are taken directly from the claims of the asserted '359 Patent and are therefore either impermissible argument or legal conclusions to which no response is required. In the event a response is required, Macy's denies the allegations set forth in these paragraphs. Macy's further denies taking any action that infringes the '359 Patent.

25. Macy's denies each and every allegation set forth in Paragraph 25 of the Complaint.

26. Macy's denies each and every allegation set forth in Paragraph 26 of the Complaint.

27. Macy's denies each and every allegation set forth in Paragraph 27 of the Complaint.

28. Macy's denies each and every allegation set forth in Paragraph 28 of the Complaint.

29. Macy's denies each and every allegation set forth in Paragraph 29 of the Complaint.

**COUNT II**
**(Infringement of the '749 Patent)**

30. Macy's incorporates its responses to Paragraphs 1-29 of the Complaint as though fully set forth herein.

31. In response to Paragraph 31 of the Complaint, Macy's denies that it uses any beacon technology that infringes the '749 Patent. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and therefore denies the same.

32.-38 The allegations contained in Paragraphs 32 through 38 of the Complaint are taken directly from the claims of the asserted '749 Patent and are therefore either impermissible argument or legal conclusions to which no response is required. In the event a response is required, Macy's denies the allegations set forth in these paragraphs. Macy's further denies taking any action that infringes the '749 Patent.

39. Macy's denies each and every allegation set forth in Paragraph 39 of the Complaint.

40. Macy's denies each and every allegation set forth in Paragraph 40 of the Complaint.

41. Macy's denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Macy's denies each and every allegation set forth in Paragraph 42 of the Complaint.

43. Macy's denies each and every allegation set forth in Paragraph 43 of the Complaint.

**COUNT III**
**(Infringement of the '592 Patent)**

44. Macy's incorporates its responses to Paragraphs 1-43 of the Complaint as though fully set forth herein.

45. In response to Paragraph 45 of the Complaint, Macy's denies that it uses any beacon technology that infringes the '592 Patent. Macy's is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and therefore denies the same.

46.-50 The allegations contained in Paragraphs 46 through 50 of the Complaint are taken directly from the claims of the asserted '592 Patent and are therefore either impermissible argument or legal conclusions to which no response is required. In the event a response is required, Macy's denies the allegations set forth in these paragraphs. Macy's further denies taking any action that infringes the '592 Patent.

51. Macy's denies each and every allegation set forth in Paragraph 51 of the Complaint.

52. Macy's denies each and every allegation set forth in Paragraph 52 of the Complaint.

53. Macy's denies each and every allegation set forth in Paragraph 53 of the Complaint.

54. Macy's denies each and every allegation set forth in Paragraph 54 of the Complaint.

55. Macy's denies each and every allegation set forth in Paragraph 55 of the Complaint.

## JURY DEMAND

Macy's also demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Macy's asserts the following affirmative defenses to the Complaint:

### First Affirmative Defense

56. Proxicom has failed to state a claim against Macy's on which relief may be granted.

**Second Affirmative Defense**

57. Macy's has not infringed, nor is it infringing, any of the claims of the '359 Patent, the '749 Patent, or the '592 Patent (collectively "the Patents-in-Suit"), either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

**Third Affirmative Defense**

58. The asserted claims of the Patents-in-Suit are each invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense**

59. Upon information and belief, Proxicom's claims for damages for any alleged infringement are barred, in whole or in part, because Proxicom failed to satisfy the requirements of 35 U.S.C. §§ 286, 287 and/or 288.

**COUNTERCLAIMS**

For its Counterclaims, Macy's, Inc. and Macy's Florida Stores, LLC (collectively, "Macy's" or "Defendants") claim and allege against Plaintiff, Proxicom Wireless, LLC ("Proxicom" or "Plaintiff"), as follows:

1. Macy's incorporates by reference Paragraphs 1-59 of its Answer and Affirmative Defenses.

2. These Counterclaims are asserted under Rule 13 of the Federal Rules of Civil Procedure, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of the Counterclaims pursuant to 28 U.S.C. §§ 1338(a) and 2201. Venue is based on 28 U.S.C. §§ 1391 and 1400.

3. Macy's, Inc. is a Delaware corporation with a principal place of business at 7 West Seventh Street, Cincinnati, Ohio 45202. Macy's Florida Stores, LLC is an Ohio corporation with a principal place of business at 22 East Flagler Street, Miami, Florida 33131.

4. Upon information and belief, Proxicom is a limited liability company duly organized and existing under the laws of the State of Florida and having its principal place of business at 1680 North Riverside Drive, Indialantic, Florida 32903.

5. In its Complaint, Proxicom attempts to charge Macy's with infringement of the '359 Patent, the '749 Patent and the '592 Patent (collectively, "the Patents-in-Suit.").

**COUNT I**
**[Declaratory Judgment of Non-Infringement]**

6. Macy's incorporates by reference Paragraphs 1 through 5 of its Counterclaims.

7. An actual controversy exists between Proxicom and Macy's as to the alleged infringement of the Patents-in-Suit.

8. Macy's has not infringed, nor is it infringing, any of the asserted claims of the Patents-in-Suit, either directly, or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents.

**COUNT II**
**[Declaratory Judgment of Invalidity]**

9. Macy's incorporates by reference Paragraphs 1 through 8 of its Counterclaims.

10. An actual controversy exists between Proxicom and Macy's as to the validity of the Patents-in-Suit.

11. The asserted claims of the Patents-in-Suit are invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## JURY DEMAND

Macy's demands a trial by jury on its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Macy's respectfully requests that this Court:

a. enter Judgment that Proxicom takes nothing by its Complaint and dismiss the same with prejudice;

b. enter Judgment that the asserted claims of the Patents-in-Suit are invalid;

c. enter Judgment that Macy's has not infringed, nor is it infringing, either directly or indirectly through contributory infringement or inducement of infringement, literally or under the doctrine of equivalents, any of the asserted claims of the Patents-in-Suit;

d. enter Judgment in favor of Macy's that this is an exceptional case and awarding Macy's its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

e. award Macy's any other and further relief as this Court may deem just and proper.

Dated: March 9, 2018

Respectfully submitted,

*/s/ Gary T. Stiphany Trial Counsel*
Gary T. Stiphany
Florida Bar No.: 342513
STIPHANY LAW
80 S.W. 8th Street, Suite 3100
Miami, FL 33130
Telephone: (305) 536-8882
Facsimile: (305) 579-4722
Email: Gary@StiphanyLaw.com

*/s/ Anthony F. Lo Cicero Trial Counsel*
Anthony F Lo Cicero (*Pro Hac Vice*)

*/s/ Richard S. Mandaro Trial Counsel*
Richard S Mandaro (*Pro Hac Vice*)

Benjamin Charkow (*Pro Hac Vice*)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
Email: ALocicero@ARElaw.com
Email: RMandaro@ARElaw.com
Email: BCharkow@ARElaw.com

*Counsel for Defendants Macy's, Inc., and Macy's Florida Stores, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2018 I electronically filed the foregoing document with the Clerk of court using CM/ECF. Notice of this filing will be sent via email to counsel of record by operation of the court's electronic filing system.

*/s/ Gary T. Stiphany*
Gary T. Stiphany