UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROXICOM WIRELESS, LLC,

        Plaintiff,

v.                                  Case No:  6:18-cv-64-Orl-37TBS

MACY'S, INC.; MACY'S FLORIDA
STORES, LLC,
        Defendants.

## CASE MANAGEMENT AND SCHEDULING ORDER IN PATENT CASE

> ### IMPORTANT NOTICE
>
> This order shall govern all proceedings in this action. Unless subsequently modified by written order for good cause shown, these deadlines will be strictly enforced.

Having considered the case management report prepared by the parties, the Court enters this case management and scheduling order. *See* Fed. R. Civ. P. 26(f); Local Rule 3.05(c).  The purpose of this Order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action.  *See* Fed. R. Civ. P. 1; Local Rule 1.01(b).  This Order controls the subsequent course of this proceeding.  Fed. R. Civ. P 16(b), (e).  Counsel and all parties (both represented and *pro se*) shall comply with this Order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedure for Case Management/Electronic Case Filing.  A copy of the Local Rules and Administrative Procedures may be viewed at

http://www.flmd.uscourts.gov.  Counsel shall also comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice – Harry Latimer Center for Professionalism).  *See also* Local Rule 2.04(g).  The table below sets forth the applicable case management deadlines, hearing dates, and trial settings.

| EVENT | DEADLINE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000) | Immediately if not previously completed |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Immediately if not previously completed |
| **Motions to Add Parties or to Amend Pleadings** | June 15, 2018 |

A party bringing an inequitable conduct claim must bring that claim and make accompanying allegations by this deadline.

| **Disclosure of Infringement Contentions** | April 27, 2018 |
|---|---|

A party making infringement contentions must serve on the opposing party, but not file with the Court, disclosures of the following information:

1. The party shall disclose each asserted claim of infringement.

2. The party shall disclose the identity of each accused device.[1]  This identification shall be as specific as possible.  The party shall identify each accused device by name or model number, if known.

3. For each element of each asserted claim, the party shall disclose its contentions as

---

[1] The Court refers to every allegedly infringing device, method, or service as an "accused device" throughout this Order.

to how each element of each claim is found in each accused device.

4. For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose the identity of the structure(s), act(s), or material(s) in each accused device that performs the claimed function.

5. The party shall disclose whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device.

| **Disclosure of Non-Infringement and Invalidity Contentions** | May 25, 2018 |
|---|---|

Any party asserting non-infringement, invalidity, or unenforceability claims or defenses must serve on the opposing party, but not file with the Court, disclosures containing the following:

1. The party shall disclose the factual basis for any allegation that it does not infringe the patent(s)-in-suit either literally or under the doctrine of equivalents, and shall identify what elements it believes are not present in the accused devices and why an equivalent is not present.

2. The party shall disclose each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation or obviousness. As for prior art that is a document, the party shall provide a copy of the document to the opposing party. As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by the "who, what, when, and where," etc.) as to the publication date, sale date, use date, source, ownership, inventorship, conception,

and any other pertinent information that forms the basis of the party's invalidity contentions.

3.    The party shall disclose whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, then each such combination and the reason why a person of ordinary skill in the art would combine such items shall be identified.

4.    For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose where the prior art identifies the structure(s), act(s), or material(s) in each prior art that performs the claimed function.

5.    For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party shall provide its reasons and evidence as to why the claims are invalid or the patent unenforceable, making specific reference to relevant portions of the specification or claims or prosecution history. Such positions shall be made in good faith.

| **Initial Identification of Disputed Claim Terms** | June 29, 2018 |
|---|---|

Lead counsel for the parties exchange their respective contentions of the claim terms may need to be interpreted by the Court.  This exchange may be in person, in writing, or by telephone.  The parties should be aware that, absent leave of Court, construction of more than ten (10) claim terms is highly disfavored and will not be permitted except in extenuating circumstances.

| **Proposed Claim Term Constructions** | July 27, 2018 |

The parties shall exchange, but not file with the Court, a list of each party's proposed interpretation of the disputed claim terms, along with citations to the intrinsic evidence (*e.g.*, patent prosecution history, dictionary definitions, etc.) that support its interpretation, along with a brief summary of any testimony that is expected to be offered to support that interpretation.

| **Disclosure of Intent to Rely on Advice of Counsel as a Defense** | February 27, 2019 |

Any party that will rely on advice of counsel as a defense must serve on the opposing party disclosures of the following:

1.     The party shall produce or make available for inspection and copying documents relating to the opinion(s) of counsel as to which the party agrees the attorney-client privilege has been waived.

2.     The party shall serve on the opposing party a privilege log identifying any other documents relating to the opinion(s) of counsel, except those authored by counsel acting solely as trial counsel, which the party withholds on the grounds of attorney-client privilege or work product protection.

The Court _will not_ permit any party that fails to make the above disclosures relating to an opinion of counsel to rely on that opinion of counsel at trial absent a stipulation of the parties.

| **Joint Claim Construction Statement** | August 10, 2018 |

After exchanging the list discussed above (under "Proposed Claim Term Constructions"), lead counsel for the parties shall meet and confer in person about the claim terms in

dispute. During this conference, the parties shall narrow and finalize the claim terms that need to be interpreted by the Court. If the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely manner. The parties shall file a Joint Claim Construction Statement, including intrinsic evidence, extrinsic evidence, and a summary of expert testimony, if any. The parties shall submit to the Court a chart with no more than ten (10) claim terms; each party's construction of each claim term; and the relevance of the construction of each claim term for summary judgment. The joint claim construction statement shall not exceed twenty-five (25) pages. The Court _will not_ permit the presentation of argument or testimony at trial, or in connection with summary judgment motions, about any disputed claim term that was not identified in the parties' Joint Claim Construction Statement, absent good cause.

| | |
|---|---|
| **Technology Tutorial Conference**<br>(parties are to advise the Court no later than July 27, 2018 as to the necessity of this tutorial) | August 28, 2018<br>at 10:15 a.m. |

If requested by the parties, or ordered by the Court, a non-adversarial tutorial conference will be scheduled. At the technology tutorial conference, the counsel for the parties shall explain the technology at issue in the litigation, but they _shall not_ pre-argue their claim construction positions to the Court, except to point out to the Court the context of the dispute.

| | |
|---|---|
| **Plaintiffs' Claim Construction Brief** | September 28, 2018 |

Plaintiff's brief shall not exceed thirty (30) pages without leave of Court.

| | |
|---|---|
| **Defendant's Response Brief** | October 26, 2018 |

Defendant's response brief shall not exceed thirty (30) pages without leave of Court.

| Joint Pre-Hearing Statement | November 2, 2018 |
|---|---|

Lead counsel for the parties shall confer about the claim construction hearing and file with the Court a Joint Pre-Hearing Statement informing the Court of the claim terms that will be discussed and the witnesses that will be called. The parties shall also submit a four-column claim interpretation chart in the form of Exhibit A (attached). The joint pre-hearing statement shall not exceed four (4) pages, not including Exhibit A.

| Claim Construction Hearing | November 28, 2018 at 9:00 a.m. |
|---|---|

The claim construction hearing will last no longer than six (6) hours.

| Amending Infringement, Non-Infringement, and Invalidity Contentions | February 27, 2019 |
|---|---|

Amendments to infringement, non-infringement, or invalidity contentions shall be made in accordance with Federal Rule of Civil Procedure 26(e) upon learning that the contention is incomplete or incorrect. Any amendment to a party's infringement contentions must be timely made but in no event later than thirty (30) days after the Court's claim construction ruling. Any amendment to a party's non-infringement or invalidity contentions must be timely made but in no event later than fifty (50) days after the Court's claim construction ruling.

| Fact Discovery Deadline | May 3, 2019 |
|---|---|

Discovery shall begin immediately on all discoverable issues and shall not be limited to claim interpretation. Discovery shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement.

| Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof | February 27, 2019 |
|---|---|

On an issue where a party bears the burden of proof, that party shall serve expert reports as required by Rule 26(a)(2).  Additionally, the parties will provide three (3) dates available for depositions of experts.

| Disclosure of Rebuttal Expert Reports | March 29, 2019 |
|---|---|

The parties shall serve rebuttal expert reports as required by Rule 26(a)(2).

| Expert Discovery Deadline | June 28, 2019 |
|---|---|

| Parties' Deadline for Filing Dispositive and *Daubert* Motions | August 31, 2019 |
|---|---|

| Parties' Deadline to Meet and Confer *In Person* to Prepare Joint Final Pretrial Statement | December 2, 2019 |
|---|---|

| **Parties' Deadline for Filing a Joint Final Pretrial Statement**, To Include: a Single Set of Jointly Proposed Jury Instructions, Verdict Form and Voir Dire Questions (also to be sent to chambers_flmd_dalton@flmd.uscourts.gov in Microsoft Word format), Witnesses Lists, and Exhibit Lists with Objections (on the Approved Form). | December 12, 2019 |
|---|---|

| Parties' Deadline for Filing All Other Motions, Including Motions in Limine (MULTIPLE MOTIONS IN LIMINE DISFAVORED.  ALL REQUESTS TO LIMIT EVIDENCE MUST BE INCLUDED IN A SINGLE MOTION NOT TO EXCEED 25 PAGES WITHOUT LEAVE OF COURT. RESPONSES LIMITED TO 20 PAGES WITHOUT LEAVE OF COURT.) | November 28, 2019 |
|---|---|

| Final Pretrial Conference | December 19, 2019 at 10:00 a.m. |
|---|---|

| Commencement of Jury Trial Term | January 6, 2020 at 9:00 a.m. |
|---|---|

| Mediation Deadline | July 31, 2019 |
|---|---|
| Mediator | Richard Joyce |

> Designated Lead Counsel shall contact opposing counsel and
> the mediator to reserve a conference date and shall file, within
> fourteen (14) days of this Order, a Notice advising of the date

## I.    DISCOVERY

**A.    Certificate of Interested Persons and Corporate Disclosure Statement** – If not filed previously, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within the time required by this order, or sanctions will be imposed.

**B.    Discovery Not Filed** – The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette or by email.  *See* Local Rule 3.03(e).

**C.    Limits on Discovery** – – Absent leave of Court, the parties may: (a) serve no more than **twenty-five (25) interrogatories**, including sub-parts (Fed. R. Civ. P. 33(a)(1)); and (b) pursuant to the directives at the Final Pretrial Conference on August 28, 2016 the number of depositions will be unlimited but shall not exceed fifty (50) hours total per side. This includes all discovery including expert discovery.  Each deposition is limited to one seven-hour day. Fed. R. Civ. P. 30(d)(1).  Rule 30(b)(6) witnesses shall be deposed in the Middle District of Florida unless agreement otherwise; other witnesses will be deposed at their location unless agreement otherwise

**D.    Discovery Deadline** – Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.    Disclosure of Expert Testimony** – On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.    Confidentiality Agreements** – The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court

to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File Under Seal" below.

## II.   MOTIONS

**A.    Certificate of Good Faith Conference** – *Before filing any motion in a civil case, the moving party shall **confer** with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with the opposing party, and that the parties have been unable to agree on the resolution of the motion.* Local Rule 3.01(g); Fed. R. Civ. P. 26(c). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *See* Local Rule 3.01(g). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action. Local Rule 3.01(g). Nonetheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. Fed. R. Civ. P. 15. The term "counsel" in Rule 3.01(g) includes *pro se* parties acting as their own counsel, thus requiring movants to confer with *pro se* parties and requiring *pro se* movants to file Rule 3.01(g) certificates. The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice-Henry Latimer Center for Professionalism.) The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

**B.    Extension of Deadlines**

The deadlines established in this Case Management and Scheduling Order are not advisory but must be complied with absent approval of the Court.

**1.    Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy trial calendar, at least four

months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion.

**2.      Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored.   The deadline will not be extended absent a showing of good cause.  Fed. R. Civ. P. 16(b); Local Rule 3.09(a).  Failure to complete discovery within the time established by this Order shall not constitute cause for continuance.  A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.  The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

**C.      Motions to Compel and for Protective Order** – Motions to compel and motions for a protective order will be denied unless the motion fully complies with Local Rule 3.04, requiring the motion to quote in full each interrogatory, question, or request; to quote in full opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons the motion should be granted.

**D.      Motions to File Under Seal** – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.

**E.      Memoranda in Opposition** – Each party opposing any written motion, except a motion for summary judgment under Section II H below,  shall file and serve, within fourteen days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested.  Local Rule 3.01(b).  Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed.  Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response.

**F.      Emergency Motions** – The Court may consider and determine emergency motions at any time.  Local Rule 3.01(e).  Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. It is not an emergency when counsel has delayed discovery until the end of the discovery period.  Promptly after filing an emergency motion, counsel shall place a telephone call

to the chambers of the presiding judge to notify the court that an emergency motion has been filed.

**G.     Page Limits –** No party shall file a motion and supporting memorandum in excess of twenty-five pages.  Local Rule 3.01(a). No party shall file an opposing brief or memorandum in excess of twenty pages.  Local Rule 3.01(b).  A motion requesting leave to file either a motion in excess of twenty-five (25) pages, a response in excess of twenty (20) pages, or a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper.  Local Rule 3.01(d). Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

**H.     Motions for Summary Judgment**

**1.     Required Materials –** A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall include a memorandum of law, and shall be accompanied by affidavits and other evidence in the form required by Fed. R. Civ. P. 56.  The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages.  Local Rule 3.01(a).  Each party opposing a motion for summary judgment shall serve, within **thirty** days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested as required by Local Rule 3.01(b) of not more than twenty pages.  The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Fed. R. Civ. P. 56.  The moving party may file a reply memorandum, not exceeding ten pages, within **fourteen** days after the response is served. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact.  General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties may also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment pursuant to Local Rule 4.15.  Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion.

**2.     Under Advisement –** The Court takes a motion for summary judgment under advisement **forty-five** days from the date it is served, unless the Court orders a different date.  Unless specifically ordered, the Court will not hold a hearing on the motion.  Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings.  *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); Fed.R.Civ.P. 56 (e).  All requirements in this Order apply to *pro se* litigants as well as to parties represented by counsel.

I.     **Daubert and Markman Motions** – Except as provided otherwise in this Order, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S.370 (1996) (interpretation of a patent claim) shall file and serve an appropriate motion on or before the date established in the above table for the filing of motions for summary judgment.  The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court, if needed.

J.     **All Other Motions Including Motions** *In Limine* – On or before the date established in the above table, the parties shall file and serve all other motions including motions *in limine*.  Local Rule 3.01(g) applies to all such motions, and the parties shall confer to define and limit the issues in dispute.  The Court will not entertain multiple motions *in limine*.  ALL REQUESTS TO LIMIT EVIDENCE MUST BE INCLUDED IN A SINGLE MOTION NOT TO EXCEED 25 PAGES WITHOUT LEAVE OF COURT. RESPONSES LIMITED TO 20 PAGES WITHOUT LEAVE OF COURT.

## III.   JOINT FINAL PRETRIAL STATEMENT

A.     **Meeting** *In Person* – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together *in person* pursuant to Local Rule 3.06(b) in a good faith effort to:

1.     settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

2.     stipulate to as many facts and issues as possible;  in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested;  as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

3.     tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(b)(3) and 3.07(a)] (instructions for pre-marking of exhibits attached to this order); and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial.  Absent good cause, the Court will **not** receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement.  Photographs of sensitive exhibits

(*i.e.*, guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

4.       exchange the names and addresses of all witnesses and state whether they will likely be called.

## B.       The Joint Final Pretrial Statement

**1.       Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(c) and this Order. Anticipated length of trial based on issues remaining at the time of the pretrial conference must be included as a separate line item in the parties' Joint Final Pretrial Statement. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.** Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. Local Rule 3.06(e).

**2.       Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(c)(4) and 3.07(b) must be on the Clerk's approved form (attached to this order). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. See Local Rule 3.06(e). The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form listing each *specific* objection ("all objections reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made – or not made with specificity – are waived.

Ten (10) days prior to trial, the parties shall exchange a list of those exhibits they definitely intend to introduce in evidence at trial (the "A" list), and a list of those exhibits they may seek to introduce at trial (the "B" list). Benchbooks containing the "A" exhibits shall be supplied to the Court (these are the original exhibits which include the appropriate colored exhibit tags stapled to the upper right hand corner of the first page - tags can be found at the bottom of this web-page), for the Judge and Witness Box at the outset of the trial, together with an index and matrix reflecting any objections thereto. The bench and witness sets do not require the exhibits tags however counsel shall use

number tabs to tab out the exhibits for quick reference. All exhibits on the "A" list of the presenting party which are not objected to shall be introduced and admitted at the outset of that party's case. All exhibits shall be numbered consecutively, preferably with the "A" list exhibits being numbered first.

To avoid duplication of exhibits and to prevent confusion in the record, the parties are encouraged to submit all stipulated exhibits as joint exhibits in a single list rather than individually marked by each party. For example, if medical records or contract documents are being stipulated into evidence they should be marked as a Joint exhibit and not listed separately by both (all) parties. Each parties individual exhibit list would then include only those additional exhibits to which objections have been asserted with the specific objection noted on the exhibit tag.

**3.**      **Witness List** – On the witness list required by Local Rule 3.06(c)(5), the parties and counsel shall designate which witnesses will definitely be called (the "A" List), and also designate which witnesses may be called (the "B" List). Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (*i.e.*, witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed.R.Civ.P. 43(a).

**4.**      **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of depositions. At the required meeting, counsel and unrepresented parties shall agree upon and specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of any testimony that remains in dispute after an active and substantial effort at resolution, together with argument and authority for each party's position. The parties shall prepare for submission and consideration at the final pretrial conference or trial an edited and marked copy (as to the portion offered by each party) of any deposition or deposition excerpt which is to be offered in evidence.

Five (5) days prior to trial, the parties shall file with the Court color-coded copies of deposition transcripts (preferably mini-script versions), reflecting, in different highlighted colors, the deposition excerpts designated by each party to be read at trial, with objections noted in the margin. Unresolved objections to videotape depositions shall be submitted to the Court ten (10) days prior to trial.

**5.**      **Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly-proposed set of jury instructions in order of presentation to the jury**,

together with a single jointly-proposed jury verdict form. Local Rule 5.01(c). The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way. The Court requires that the parties, send to the Chamber's email [chambers_flmd_Dalton@flmd.uscourts.gov] **the single set of jury instructions and verdict form, in Microsoft Word format**. The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

> **C.    Coordination of Joint Final Pretrial Statement –** All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order. Plaintiff's counsel (or plaintiff if all parties are proceeding *pro se*) shall have the *primary* responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. *See* Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

> **D.    Trial Briefs and Other Materials**

> **Trial Briefs –** In the case of a non-jury trial, on or before the date established above, each party shall file and serve a trial brief with proposed findings of fact and conclusions of law, and send it to the Chamber's email in Microsoft Word format. The parties may file a trial brief on or before the same date in the case of a jury trial.

## IV.    MEDIATION

> **A.    Purpose –** To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation. *See* Fed.R.Civ.P. 1; Fed.R.Civ.P. 16(a)(5); Local Rules 1.01(b), 9.01(b).

> **B.    The Mediator –** This Court prefers to appoint the certified and approved mediator, if any, chosen by the parties in their Case Management Report. If no such mediator has been chosen, the Court designates the default mediator listed in the above table pursuant to Local Rule 9.04. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this order.

C.     **Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table.  Despite Local Rule 9.05(d), *neither the mediator nor the parties have authority to continue the mediation conference beyond this date* except on express order of the Court.  In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

D.     **Mediator's Authority** – The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the Local Rules, except as limited by this order.  *The mediation shall continue until adjourned by the mediator.*  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.  At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference.  If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

E.     **General Rules Governing Mediation Conference**

1.     **Case Summaries** – Not less than **two days** prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

2.     **Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will *attend and participate with full authority to settle* on behalf of the corporate party.

3.     **Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, *shall* attend and participate in the mediation conference.  In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit.  The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

4.     **Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case.  No participant may force the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.

5.     **Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount.  Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b).  All discussion, representations and

statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 9.07; Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

**F.    Compensation of Mediators** – Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate provided by order of the Court after consideration of the amount in controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediator conference.

**G.    Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 9.06(b) and 3.08. Within **seven days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 9.06. The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rule 9.05(e), 9.06(a).

## V.    FINAL PRETRIAL CONFERENCE

**A.    Lead Trial Counsel and Parties** – If a final pretrial conference is set, **lead trial counsel and local counsel for each party, together with any unrepresented party, must attend in person unless previously excused by the Court.** *See* Local Rule 3.06(d); Fed.R.Civ.P. 16(d).

**B.    Substance of Final Pretrial Conference** – Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Fed.R.Civ.P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action. *See* Fed.R.Civ.P. 16(c)-(d).

## VI.    SANCTIONS – The Court will impose sanctions on any party or attorney: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the

Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order.  Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court.  *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927.

## VI.   TRIAL

    **A.**   **Trial Before District Judge** – A case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term indicated in the above table, or as soon after that date as is possible in light of the Court's felony and civil trial calendar.[1] Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force.  Counsel, parties, and witnesses *shall be available on twenty-four hours' notice* for trial after the beginning of the trial term.  A different District Judge or visiting judge may try the case.  Local Rule 1.03(d).  The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville Division of the Court.  Local Rule 1.02(e).  Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

    **B.**   **Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain.  With respect to a civil case that remains pending before a District Judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge.  Consent must be unanimous.  A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial *beginning on a date certain*, and to enter final judgment.  A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court.  28 U.S.C. § 636(c)(3);  Fed.R.Civ.P. 73.  A party is free to withhold consent without adverse substantive consequences.  28 U.S.C. § 636 (c)(2);  Fed.R.Civ.P. 73(b).  Consent forms are attached to this scheduling order.  Fed.R.Civ.P. 73(b); Local Rule 6.05.

    **C.**   **Settlement** – Counsel shall immediately notify the Court upon settlement of any case.  Local Rule 3.08(a).  The parties shall notify the Court of any settlement or

---

[1]   This case may be reassigned to a visiting District Judge at any time.  In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly *before* the first day of the trial term if necessary to accommodate the trial schedule of the District Judge.

other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). Fed.R.Civ.P. 41(a).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 11, 2018.

ROY B. DALTON JR.
United States District Judge

Attachments:         Exhibit List Form [mandatory form]
                     Instructions for Pre-Marking of Exhibits
                     Magistrate Judge Consent / Entire Case
                     Magistrate Judge Consent / Specified Motions

Copies to:           All Counsel of Record

**EXHIBIT A**

**CLAIM INTERPRETATION CHART**

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "Term 1" | | | |
| "Term 2" | | | |
| "Term 3" | | | |
| "Term 4" | | | |

# EXHIBIT LIST

_____ Government    _____ Plaintiff    _____ Defendant    _____ Court

**Case No.**    _____

**Style:**    _____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

,

### Plaintiff,

v.                                                                      Case No:

,

### Defendant.

_____

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Signatures* | *Party Represented* | *Date* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

**IT IS ORDERED** that this case be referred to the UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73.

_____                                    _____
DATE                                                                      UNITED STATES DISTRICT JUDGE

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

AO 85A (Rev. 01/09) Notice, Consent, and Reference  of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

,

           **Plaintiff,**

v.                                                             **Case No:**

           **Defendant.**

_____

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

**MOTION(S)**     _____

                        _____

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

_____             _____

       DATE                               UNITED STATES DISTRICT JUDGE

AO 85A (Rev. 01/09) Notice, Consent, and Reference  of a Dispositive Motion to a Magistrate Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.