UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PROXICOM WIRELESS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MACY'S, INC. AND MACY'S FLORIDA STORES, LLC,<br><br>　　　　Defendants and Counter Claimants. | CASE NO.: 6:18-cv-00064-RBD-GJK |

**MACY'S UNOPPOSED MOTION TO SEAL
NINE MACY'S CONFIDENTIAL DOCUMENTS**

Defendants Macy's, Inc. and Macy's Florida Stores, LLC ("Macy's"), pursuant to Fed. R Civ. P. 5.2(d) and L.R. 1.09, respectfully requests that the Court enter an order that Proxicom file under seal unredacted copies of nine exhibits to Proxicom's Motion to Compel Macy's to Produce Documents and Interrogatory Responses (the "Motion to Compel") [ECF No. 50]. In support of this request is the Declaration of Richard S. Mandaro providing personal factual information explaining why sealing each of the nine documents is necessary.

The parties have conferred and Plaintiff Proxicom Wireless, LLC ("Proxicom") does not oppose this motion.

In support of this motion Macy's states:

**I.　　BACKGROUND**

This is a complex patent infringement case involving three patents. Macy's asserts that this case involves confidential and proprietary information relating to its businesses and customers and that the disclosure of such information to third parties and, in some cases,

688899.3

each other would be harmful to its respective businesses and customer relationships.

The parties have entered into an Agreed Upon and Stipulated Protective Agreement ("Protective Agreement") that permits each party to designate documents in three separate tiers as either (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or (iii) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to restrict the dissemination of such documents.[1]  Pursuant to Section VIII of the Protective Agreement: "Any Receiving Party is authorized to file under seal with the Court in this case any material that is designated as Protected Material under this Protective Agreement. Any Protected Material filed with the Court in this case shall be filed under seal in compliance with this Protective Agreement and any applicable local rules of the Court."

Specifically, Macy's submits the following motion and support Declaration to comply with the requirements of Judge Kelly's Standing Order Regarding Motions to Seal or Redact, Case No. 6:18-mc-22-Orl-GJK, dated March 13, 2018 ("Standing Order").

In support of its Motion to Compel, Proxicom relies upon on and cites as exhibits certain documents and reports that have been designated by Macy's as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the parties' Protective Agreement.  Of the thirty-two exhibits relied upon, Macy's requests that nine of the exhibits, namely Exhibit Nos. 20, 21, 23-28 and 32, be filed under seal.

---

[1] For the Court's reference, a copy of the parties' Protective Agreement is attached hereto as **Exhibit 1**.

## II. DISCUSSION

There is a common law right to inspect and copy judicial records that may be overcome by a showing of good cause, which requires balancing a "party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 264 F.3d 1304, 1313 (11th Cir. 2001). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005).

In light of foregoing factors, and pursuant to Local Rule 1.09 and Judge Kelly's Standing Order, the parties set forth below: (a) an identification and description of each item proposed for sealing; (b) the reason that filing each item is necessary; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (e) a statement of the proposed duration of the seal; and (f) a memorandum of legal authority supporting the seal.

In addition, the supporting declaration of Richard S. Mandaro, who has personal knowledge of the items sought to be sealed, explains (1) why such information is confidential; (2) what is done to keep such information confidential; (3) whether such

information has been made available to others with restrictions, including descriptions of the people who have access to the information, whether that access was restricted, and if so, what means were used to restrict the access, and whether the information was shared with any outside organizations with or without restrictions; and (4) whether such information outweighs the public's common law right of access.

### A. Identification and Description of Items Proposed for Sealing

Macy's seeks leave for the filing under seal of the following nine exhibits to Proxicom's Motion to Compel [ECF No. 50]:

| Document | Proxicom Exhibit No. | Title/Description |
|---|---|---|
| 1 | 20 | Strategic Project Agreement between Macy's and Shopkick, produced by Macy's as MACYS002779-97 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-22) |
| 2 | 21 | Amended And Restated Strategic Project Agreement between Macy's and Shopkick, produced by Macy's as MACYS001263- 80 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-23) |
| 3 | 23 | A Chart of Macy's Beacon Online Sales information produced by Macy's as MACYS003741 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-25) |
| 4 | 24 | An internal presentation and planning document titled "Consumer Mobile In-Store Update" produced by Macy's as MACYS002808-26 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-26) |

| Document | Proxicom Exhibit No. | Title/Description |
|---|---|---|
| 5 | 25 | An internal presentation and planning document titled "Mobile App - Beacon Update" produced by Macy's as MACYS002057-58 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-27) |
| 6 | 26 | An internal presentation and planning document titled "Mobile App - Beacon Integration (IBM & Zebra MPact)" produced by Macy's as MACYS003504-14 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-28) |
| 7 | 27 | An internal presentation and planning document titled "Geo-targeting Update" produced by Macy's as MACYS002315-25 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-29) |
| 8 | 28 | An internal planning document titled "Macy's Service Transition Plan" produced by Macy's as MACYS000546-557 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-30) |
| 9 | 32 | An internal planning document /status report titled "In-Store Analytics (Geo-tracking)" produced by Macy's as MACYS001261-62 and designated by Macy's as CONFIDENTIAL – ATTORNEYS' EYES ONLY (*See* placeholder at Doc. 50-34) |

   **B.**  **Reason Filing Each Item Is Necessary**

Macy's believes in good faith that each of the nine documents identified above needs to be filed under seal since Proxicom uses these documents to support its arguments in its Motion to Compel [ECF No. 50]. The nine documents are exhibits cited in Proxicom's Motion to Compel and Proxicom believes they are necessary to establish the factual predicates for Proxicom's arguments therein.

### C. Reason Sealing Each Item is Necessary

Each of the nine documents listed above was designated by defendant Macy's as "Confidential – Attorneys Eyes Only" pursuant to the Protective Agreement. The Declaration of Richard S. Mandaro submitted in support of this motion to seal provides specific factual bases why the nine documents should be filed under seal.

Two of the documents (Exhibit Nos. 20 & 21) are non-public agreements between Macy's and Shopkick concerning the terms and conditions of Macy's use of the Shopkick application, the obligations of the parties to the agreement, and has specific confidentiality clauses obligating both Macy's and Shopkick to maintain the terms of the agreements and related information confidential in perpetuity.

One of the documents (Exhibit No. 23) reflects Macy's internal sales information relating to the accused Macy's App. This document contains proprietary financial information.

The remaining six documents (Exhibits Nos. 24-28 & 32) are internal documents created by Macy's employees relating to the planning and implementation of the Accused Technologies. These documents contain commercially sensitive competitive information and technical information. Many of these documents were labeled by Macy's employees on the front page with "CONFIDNETIAL - DO NOT DISTRIBUTE OR COPY", indicating the sensitive nature of the information within the document.

### D. Reason Other Means Are Unavailable

Proxicom has no means to acquaint the Court with the issues and facts underlying its Motion to Compel other than to file these documents to ensure it may to fully and

persuasively present all materials bearing upon the discovery dispute currently at issue in Proxicom's Motion to Compel,. To preserve the protection of Macy's interest in the confidentiality of these documents these documents must be filed under seal.

### E. Proposed Duration of Seal

Macy's respectfully requests that any order sealing documents continue until the conclusion of the case (including any appeals therefrom). At the conclusion of the case, Macy's will make arrangements at its own cost to retrieve the sealed materials and properly dispose of them.

### F. Memorandum of Legal Authority

As noted, *supra*, in considering motions to seal, courts must balance the parties' interests in keeping information confidential against the public's interest in accessing court documents. *See, e.g.*, *Romero*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co.*, 263 F.3d at 1314-15 (11th Cir. 2001).

Based on this balancing test, Macy's asserts that the documents at issue here should be sealed. Allowing public access to these documents – which have been designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" – could harm the parties', as well as third-parties, legitimate and private interests. *See, e.g.*, *Trailer Bridge, Inc. v. PCS Nitrogen, Inc.*, 2009 WL 2231704, at *1 (M.D. Fla. July 23, 2009) (granting motion to seal materials required by contract to be "treated as confidential and exempt from publication to third parties"). Moreover, these proceedings involve private parties and not public officials or public concerns, and keeping the documents confidential should not impair judicial functions. Finally, the parties have not been able to identify a less onerous alternative to

filing the documents under seal. Macy's has tailored this motion to only nine of the thirty-two exhibits that are necessary to resolving the issues raised in Proxicom's Motion to Compel.

### III. CONCLUSION

For at least the foregoing reasons, Macy's respectfully requests that the Court enter an order permitting the filing under seal of the nine identified documents above.

Dated: October 12, 2018              Respectfully submitted,

*/s/ Richard S. Mandaro*

Gary T. Stiphany
Florida Bar No.: 342513
STIPHANY LAW
80 S.W. 8th Street, Suite 3100
Miami, FL 33130
Telephone: (305) 536-8882 Fax.
Facsimile: (305) 579-4722
Email: Gary@StiphanyLaw.com

Anthony F LoCicero (*Pro Hac Vice*)
Richard S. Mandaro (*Pro Hac Vice*)
Benjamin Charkow (*Pro Hac Vice*)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8000
Facsimile: (212) 336-8001
Email: ALocicero@ARElaw.com
Email: RMandaro@ARElaw.com
Email: BCharkow@ARElaw.com

Benjamin L. Singer (*Pro Hac Vice*)
Evan Budaj (*Pro Hac Vice*)
SINGER BEA LLP
601 Montgomery St., Suite 1950
San Francisco, CA 94111

        Telephone: (415) 500-6080
        Fax: (415) 500-6080
        Email: bsinger@singerbea.com
        Email: ebudaj@singerbea.com

Counsel for Defendants,
*MACY'S, INC. AND MACY'S FLORIDA STORES, LLC*

688899.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 12, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Richard S. Mandaro*
Richard S. Mandaro
