UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROXICOM WIRELESS, LLC,

Plaintiff,

v.

MACY'S, INC. AND MACY'S FLORIDA STORES, LLC,

Defendants and Counter Claimants.

CASE NO.: 6:18-cv-00064-RBD-GJK

**PLAINTIFF PROXICOM WIRELESS, LLC'S RESPONSE TO DEFENDANTS' MACY'S MOTION TO COMPEL (DOC. 68)**

In accordance with this Court's December 4, 2018 Order (Doc. 69), Plaintiff Proxicom Wireless, LLC ("Proxicom") responds to Defendants' Macy's Inc. and Macy's Florida Stores (collectively, "Macy's") Motion to Compel the Deposition of James Proctor, Jr. (Doc. 68) as follows:

1. Neither Proxicom nor its counsel have interfered with Macy's ability to depose Mr. Proctor, Jr. in this case (nor would they). Contrary to Macy's portrayal of the facts, Proxicom has attempted to accommodate Macy's requests. Proxicom, its lead counsel, and its local counsel make it a priority to try to work cooperatively to minimize any waste of party or judicial resources, and did so here, as set forth below.

2. Pursuant to the Court's Scheduling Order, the parties were originally scheduled to be in Orlando for the claim construction hearing in this case on November 28, 2018. (Doc. 33 at 7).

3. Without any prior discussion or attempt to mutually coordinate deposition scheduling as advised in Section II(A)(1) of the Middle District of Florida Handbook on Civil Discovery Practice, on November 1, 2018, Macy's unilaterally noticed a Rule 30(b)(1) deposition of James Proctor, Jr. to take place in Miami on November 27—the day before the claim construction hearing (a major substantive hearing in every patent case) was scheduled to occur in Orlando. (Doc. 68-3, Ex. B at 10); (Doc. 68-4, Ex. C at 9). Mr. Proctor, Jr., who resides in the Middle District of Florida, was not available to attend the deposition in Miami on November 27, having already reserved that date for a deposition in an unrelated matter for which he was serving as an expert witness; and counsel had already planned to use the day before the hearing for preparation in Orlando.[1]

4. When counsel for Proxicom informed Macy's that its selection of November 27 in Miami would not work, counsel for Macy's indicated a strong preference to take the deposition during the week of November 27 because all counsel would already be in Florida. (*See* Doc. 68-4, Ex. C at 8 (Nov. 2 9:03 p.m. e-mail)). Proxicom and its counsel agreed that it would be best to schedule depositions in a manner that minimized travel, but that it could not happen in this instance because of other commitments after the claim construction hearing. (*Id.* at 8 (Nov. 2 9:50 a.m. e-mail)).

5. Ultimately, Macy's request for a deposition in Florida the week of the

---

[1] Among many other deadlines leading up to the Thanksgiving holiday in addition to the claim construction hearing in this matter, counsel for Proxicom had a Federal Circuit reply brief and two summary judgment reply briefs due on November 21, 2018. Hence, travel and preparation necessarily were being pushed into the days before the claim construction hearing.

November 28 claim construction hearing was mooted by a *sua sponte* Order of the Court rescheduling the claim construction hearing for December 11. (Doc. 66 (Nov. 9, 2018 Order)).

6. Thereafter, on November 13, as counsel for Proxicom would have done and expected Macy's to do, Macy's then requested dates in Florida during the week of December 11. (Doc. 68-4, Ex. C at 7 (Nov. 13 12:12 p.m. email)). Counsel for Proxicom[2] promptly advised counsel for Macy's that the week of December 11 was already quite compromised by preexisting obligations such that even conducting the claim construction hearing was going to prove to be a challenge.[3] (*See id.* at 5 (Nov. 13 12:50 p.m. e-mail)). Thus, counsel for Proxicom regrettably advised Macy's that, although the week of December 11 would not work, Proxicom would be willing to ask the Court to move the claim construction hearing to the next week (or some other mutually convenient time) so that both the deposition and hearing could occur in the same week. (*Id.* at 5 (Nov. 13 12:50 p.m. e-mail), 7 (Nov. 13 12:14 p.m. e-mail)). After Macy's questioned Proxicom's suggestion to ask the Court to move the claim construction hearing, Proxicom agreed to bring Mr. Proctor, Jr. to Northern California, where counsel for Macy's is located (without a request from Macy's to do so), for

---

[2] Like Macy's counsel, Singer Bea LLP, Proxicom's counsel, Bunsow De Mory LLP, is a small firm of fourteen lawyers with a very busy patent litigation docket.

[3] Counsel for Proxicom had already scheduled its annual firm holiday open house for December 13 and had already booked its internal holiday party for December 8, thus making it extremely difficult to prepare for the deposition, argue the hearing, conduct the deposition, and travel during the week of December 11. Fully appreciative of the fact that these are personal business commitments that should not increase Macy's costs, counsel for Proxicom made an immediate accommodation by offering Mr. Proctor, Jr. for deposition near Macy's counsel's office in California the very next week.

deposition on December 19, thereby eliminating the need for counsel to travel to Florida a second time to take the deposition. (*See id.* at 4 (Nov. 16 12:49 p.m. e-mail)).

7. Ironically, during a meet-and-confer conversation on November 19 relating to Proxicom's offer to make Mr. Proctor, Jr. available for deposition in Northern California on December 19, it became clear that Macy's did not even yet understand which of the two inventors it had noticed for deposition. Macy's believed it had served a notice for the senior Mr. Proctor (Mr. James A. Proctor, III), an engineer who retired from Harris Corporation as a Vice President and General Manager after working 40 years. Instead, Macy's had served a notice for James A. Proctor, Jr., also a former Harris engineer who worked with his father over many years to develop the Proxicom inventions at issue in this case. (*See* Doc. 68-4, Ex. C, at 2 (Nov. 19 5:33 p.m. e-mail)).[4]

8. Contrary to Macy's portrayal of events, the deposition was offered in Northern California as a courtesy to accommodate Macy's request to avoid repeated trips to Florida. (*Id.* at 4 (Nov. 16, 12:49 p.m. e-mail)). In that same vein, as a reciprocal courtesy, counsel for Proxicom also advised Macy's that James Proctor, Jr. would most likely be Proxicom's 30(b)(6) witness and asked that Macy's take his 30(b)(6) deposition without necessitating a second trip to Florida. (*Id*. at 2 (Nov. 19, 5:33 p.m. e-mail)). However, as Macy's points out, Proxicom at no time insisted that the deposition occur within the same seven-hour window, or

[4] In addition, Macy's inquired for the first time on Friday, November 16 (*see* Doc. 68-4, Ex. C, at 3 (Nov. 19 4:12 p.m. e-mail) about documents that had been produced to Macy's over five months earlier, in and before June 2018. Proxicom provided the requested information on Monday, November 19, prior to the parties' meet-and-confer call. Thus, although Macy's now argues that Proxicom is impeding the discovery process, it is not even clear that Macy's was in a position to meaningfully proceed with the deposition as originally scheduled.

that Macy's should be precluded from taking both a 30(b)(6) and a 30(b)(1) deposition. Instead, Proxicom said it would negotiate with Macy's to provide for additional time to cover any designated 30(b)(6) topics. (*See* Doc. 68-5, Ex. D, at 2 (Nov. 27 9:43 a.m. e-mail); *id.* at 5 (Nov. 23 9:27 a.m. e-mail)).

9. As such, in Proxicom's view, the dispute was not about forcing Macy's to do anything in any particular order, improperly controlling discovery, or preluding Macy's from getting any evidence it believes it needs (including both a both a 30(b)(1) and a 30(b)(6) deposition). This is instead about counsel working together to do what makes sense, particularly after accommodating Macy's request to avoid a second trip to Florida to take the deposition in the first instance. Thus, Proxicom's request was, in its view, a request for a return courtesy.[5]

10. While Macy's criticizes Proxicom for not citing any authority during the parties' meet-and-confer, it was Proxicom that asked Macy's to provide authority for its position, as Macy's was the potential movant and party with the burden of proof, but Macy's failed to do so. (*See*, *e.g.*, Doc. 68-5, Ex. D at 2 (Nov. 27 9:43 a.m. e-mail)). But in any event, none of the cases that Macy's cites should dictate the outcome here. First, Proxicom has never said that Macy's cannot take both a 30(b)(6) deposition and a 30(b)(1) deposition. Second, the *Every Penny Counts*, *DHL Express*, and *Provide Commerce* cases on which Macy's

---

[5] Other than the efficiency of taking a deposition while counsel were all in Florida, Macy's never expressed any other timing issues as to its need for or desire to schedule and take the deposition at this time. Indeed, mitigating travel costs appeared to be the driving force for the timing of the deposition request.

primarily relies deal with the situation where one deposition had already been taken (either a 30(b)(6) or a 30(b)(1)) and a party sought to compel (or sought protection from) a second deposition, which is not the case here. *Every Penny Counts, Inc. v. Bank of Am. Corp.*, 2:07-cv-42, 2008 WL 11335169, at *1-2 (M.D. Fla. 2008); *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 09-60276, 2009 WL 3418148, at *1 (S.D. Fla. 2009); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 07-80185, 2008 WL 360588, at *3 (S.D. Fla. 2008). Third, every case that Macy's cites interprets the Federal Rules of Civil Procedure before the proportionality provisions became effective in December 2015.

11. The fact that Macy's cases predate these Federal Rules changes is significant. As Justice Roberts pointed out in his 2015 Year End Annual Report,[6] "[m]any rules amendments are modest and technical, even persnickety, but the 2015 amendments to the Federal Rules of Civil Procedure are different. Those amendments are the product of five years of intense study, debate, and drafting to address the most serious impediments to just, speedy, and efficient resolution of civil disputes." (Ex. 1 at 4). After noting that the new Rules were adopted in part to encourage "greater cooperation among counsel," Justice Roberts went on to say:

> The [2015] amendments may not look like a big deal at first glance, but they are. That is one reason I have chosen to highlight them in this report. For example, Rule 1 of the Federal Rules of Civil Procedure has been expanded by a mere eight words, but those are words that judges and practitioners must take to heart. Rule 1 directs that the Federal Rules "should be construed, administered, <u>and employed by the court and the parties</u> to secure the just, speedy, and inexpensive determination of every

---

[6] *See* **Exhibit 1**, also available at https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf (last visited Dec. 6, 2018).

> action and proceeding." The underscored words make express the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation—an obligation given effect in the amendments that follow. The new passage highlights the point that lawyers—though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes.

(*Id*. at 5-6).

12. At least one Florida federal opinion issued after the 2015 amendments that addresses a request to take a second deposition (there, a 30(b)(1) deposition after a 30(b)(6) deposition of the same individual had already occurred) readily supports the approach that Proxicom proposed to Macy's. *See Equal Emp't. Opportunity Comm'n v. The Doherty Group, Inc.*, No. 14-cv-81184, 2017 WL 882088, at *3 (S.D. Fla. Feb. 28, 2017) (concluding, in relevant part, that re-deposing same witness for 30(b)(1) deposition who previously sat for 30(b)(6) deposition would be cumulative, unnecessary, and disproportionate).

13. Notwithstanding all the foregoing, Proxicom is ready, willing, and able to produce Mr. Proctor, Jr. for deposition on December 19 in Northern California in his 30(b)(1) capacity only, or in both his 30(b)(1) and 30(b)(6) capacities, on December 19 and December 20 or 21. In the interest of efficiency and in accord with the 2015 proportionality requirements and Macy's own request to avoid multiple trips to take depositions (a desire Proxicom shares and has already accommodated), Proxicom maintains that the parties should be able to work together so that Mr. Proctor, Jr. can be deposed in both capacities on the same trip, particularly in view of the fact that the timing of the 30(b)(1) notice appears to have been driven by travel convenience. Proxicom will redouble its efforts to work with Macy's again to resolve this dispute in advance of the hearing currently set for next Tuesday, and has confirmed that Mr.

Proctor is also be available for depositions in both capacities during two different weeks in January.[7]

14. As for Macy's request for sanctions, as Macy's points out, an award of fees is not mandatory where a non-prevailing party's conduct was substantially justified or an award would otherwise be unjust. *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (award of attorneys' fees under Fed. R. Civ. P. 37 was an abuse of discretion where plaintiffs' refusal to provide discovery was substantially justified). "Substantially justified" means reasonable people could differ as to the appropriateness of the contested action. *Crabtree v. Donzi Marine, LLC*, No. 3:07-cv-464-J-34JRK, 2009 WL 10670864, at *2 (M.D. Fla. Aug. 19, 2009) (reciting standard and denying Rule 37 fees and expenses because party resisting discovery was "substantially justified").

15. As detailed above, Proxicom's position is substantially justified in both law and in fact. Proxicom has been negotiating in good faith and attempting to accomplish what it believes the 2015 Rule Amendments require—reasonably accommodating Macy's requests in a proportional manner. Accordingly, no fees should be awarded regardless of who may be deemed the prevailing party.

**WHEREFORE**, Plaintiff Proxicom Wireless, LLC respectfully requests that the Court enter an Order denying as moot Defendants' Motion to Compel (Doc. 68).

---

[7] Even if Macy's declines Proxicom's additional offers, however, a hearing should not be necessary because Proxicom will produce Mr. Proctor for deposition on December 19 at its counsel's office in Redwood City, California.

Dated: December 6, 2018

Respectfully submitted,

*/s/ Denise M. De Mory*

Denise M. De Mory (*Pro Hac Vice*)
John Beynon (*Pro Hac Vice*)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7253
Email: ddemory@bdiplaw.com
Email: jbeynon@bdiplaw.com

Chris J. Coulson (*Pro Hac Vice*)
BUNSOW DE MORY LLP
101 Brambach Rd.
Scarsdale, NY 10583
Telephone: (646 502-6973
Facsimile: (650) 351-7253
Email: ccoulson@bdiplaw.com

Taylor F. Ford
Florida Bar No.: 0041008
Robyn M. Kramer
Florida Bar No.: 0118300
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
25 E. Pine St.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
Email: tford@kbzwlaw.com
Email: rkramer@kbzwlaw.com

*Counsel for Plaintiff Proxicom Wireless, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 6, 2018, I caused the electronic filing the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Denise M. De Mory*
Denise M. De Mory (*Pro Hac Vice*)