**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PROXICOM WIRELESS, LLC,**

    **Plaintiff,**

v.                                                                                 Case No:   6:18-cv-64-Orl-37GJK

**MACY'S, INC. and MACY'S FLORIDA STORES, LLC,**

    **Defendants.**

# ORDER

This cause came on for consideration on oral argument on the following motion on December 11, 2018:

> **MOTION:**     **DEFENDANTS MACY'S, INC. AND MACY'S FLORIDA STORES, LLC'S MOTION TO COMPEL THE DEPOSITION OF JAMES A. PROCTOR, JR. (Doc. No. 68)**
>
> **FILED:**     **December 3, 2018**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff brings this action for patent infringement against Defendants, alleging that they use Plaintiff's patented technology in their stores, which directly and indirectly infringes on Plaintiff's patents. Doc. No. 1. On December 3, 2018, Defendants filed a motion to compel James A. Proctor, Jr. ("Proctor") to be produced for a deposition (the "Motion"). Doc. No. 68. On November 1, 2018, Defendants served a Federal Rule of Civil Procedure 30(b)(1) notice of deposition setting Proctor's deposition for November 27, 2018. Doc. No. 68-3. On November 21, 2018, pursuant to Plaintiff's request, Defendants agreed to move the deposition to Decembr 19,

2018. Doc. No. 68-4 at 2. Defendants state that Plaintiff now refuses to produce Proctor for the deposition unless Defendants also notice him for a Rule 30(b)(6) deposition on that same date and conduct the Rule 30(b)(1) and Rule 30(b)(6) depositions simultaneously. Doc. No. 68 at 3. Defendants ask that the Court "issue an order (1) compelling Mr. Proctor to sit for deposition under Federal Rule of Civil Procedure 30(b)(1); and (2) for an award of expenses incurred by [Defendants] in bringing this motion, including attorney fees." *Id.* at 10.

The Court's handbook on civil discovery provides that if a party is unable to coordinate the scheduling of a deposition with the opposition, the party may unilaterally notice that deposition upon fourteen days' notice. Middle District Discovery (2015) at 6; Local Rule 3.02; *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."). Defendants did not issue an amended notice of taking Proctor's deposition for December 19, 2018. Thus, there is nothing for the Court to compel.[1] For the reasons stated in Court, the Court finds that neither party's position regarding the Motion is substantially justified, and, therefore, no fees are awarded.

The Court is concerned about the difficulties counsel for the parties appear to be having regarding routine discovery, such as coordinating depositions and timely providing proper (verified) answers to interrogatories. It also appears the parties may be setting themselves up for conflicts regarding Rule 30(b)(6) depositions.

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. No. 68) is **DENIED**;

---

[1] At the hearing, the parties represented that Proctor will appear for his Rule 30(b)(1) deposition on December 20, 2018, but stated that a time for the deposition to begin has not yet been set. Doc. No. 79.

2. On or before 5:00 p.m., Eastern Time, December 12, 2018, Defendants shall serve an amended notice of deposition for Proctor;

3. The parties shall provide notice of all areas of inquiry for Rule 30(b)(6) depositions in writing no less than three weeks before the date of the deposition; and

4. On or before December 18, 2018, Plaintiff shall serve verified responses to the interrogatories to which it previously provided unverified responses.

**DONE** and **ORDERED** in Orlando, Florida, on December 12, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties