**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.: 6:18-cv-00064-RBD-GJK

PROXICOM WIRELESS, LLC,
    Plaintiff,

vs.

MACY'S INC; and MACY'S FLORIDA STORES, LLC,

    Defendants.
_____/

**JOINT MOTION, AND SUPPORTING MEMORANDUM OF LAW, FOR TWO DAY EXTENSION WITHIN WHICH TO SERVE REBUTTAL EXPERT REPORTS**

Plaintiff, PROXICOM WIRELESS, LLC, ("Proxicom') and Defendants, MACY'S INC. and MACY'S FLORIDA STORES, LLC (collectively, "Macy's") (Proxicom and Macy's are hereinafter sometimes collectively referred to as the "Parties"), respectfully and jointly move for an additional two (2) day extension of their current May 6, 2019 service deadline for rebuttal expert reports, through and including May 8, 2019.

CASE NO.:  6:18-cv-00064-RBD-GJK

## MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT OF THE REQUEST

The Parties have been diligent in timely preparing and serving all of their expert reports. Shortly after opening expert reports were served, Proxicom served a supplementation of the damages report by its expert, Mr. Jim W. Bergman, of less than five (5) pages to address an agreement regarding the Asserted Patents that was executed after opening expert reports were served.  Macy's requested a two-day extension of the date for service of rebuttal expert reports, and Proxicom has agreed to extend the deadlines for Macy's rebuttal expert damages report and rebuttal infringement report by two (2) days.  Additionally, the Parties are in agreement that Proxicom's expert invalidity rebuttal report should also be extended by two (2) days, so that the deadline for service of all three (3) expert rebuttal reports is the same date, May 8, 2019.

The Court may grant an extension of time upon a showing of "good cause" as contemplated  by Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure. In considering the Parties' joint motion, the Court should find that there is "good cause" to extend Defendants' deadline to serve their respective expert rebuttal reports, as set forth above, by another two (2) days, through and including May 8, 2019. *See Jozwiak v. Stryker Corporation, et al.,* 2010 WL 743834 *3 (M.D. Fla. 2010) ("good cause" under Rule 6(b)(1)(A) found where motion to extend was filed within filing deadline, defendant's counsel averred that motion to dismiss was nearing completion, and motion to extend was unopposed); *see also United States v. Weiss, et al.,* 2010 WL 750348 *2 (M.D. 2010) (even where motion to extend is made after the time has expired under Rule 6(b)(1)(B), "Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In exercising its

CASE NO.: 6:18-cv-00064-RBD-GJK

discretion in deciding whether "neglect is excusable," the Court should consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. … Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." In addition, it is well established that District Courts have the inherent authority to manage and control their dockets. *See, e.g., Equity Lifestyle Props., Inc., v. Fla. Mowing and Landscape Serv., Inc.,* 556 F. 3d 1232, 1240 (11th Cir. 2009) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

Pursuant to the Case Management and Scheduling Order ("CMO") (Dkt. No. 33 at p. 11), Section II.B.2, the Parties state that: (1) this motion is a joint motion; (2) this motion does not require additional discovery; (3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; (4) all parties agree that any discovery conducted after the dispositive motions date of August 31, 2019 (Dkt. No. 33 at p.8) will not be available for summary judgment purposes; and (5) no party will use the granting of the extension in support of a motion to extend another date or deadline. Nor will the granting of this motion affect the June 28, 2019 expert discovery deadline in the CMO (Dkt. No. 33 at page 8).

WHEREFORE, the Parties respectfully request that the Court enter an Order, which grants this joint motion and provides that the Parties shall have through and including May 8, 2019 within which to serve their respective expert rebuttal reports, as requested above.

CASE NO.: 6:18-cv-00064-RBD-GJK

Dated:  April 22, 2019                                          Respectfully submitted,

*/s/ Christina M. Finn*                                          */s/ Gary T. Stiphany*

Taylor F. Ford                                                           Gary T. Stiphany
Florida Bar No.: 0041008                                      Florida Bar No.: 342513
Robyn M. Kramer                                                   STIPHANY LAW
Florida Bar No.: 0118300                                      80 S.W. 8th Street, Suite 3100
KING, BLACKWELL, ZEHNDER &            Miami, FL 33130
WERMUTH, P.A.                                                    Telephone: (305) 536-8882 Fax.
25 E. Pine St.                                                             Facsimile:  (305) 579-4722
P.O. Box 1631                                                          Email:  Gary@StiphanyLaw.com
Orlando, FL 32802-1631
Telephone: (407) 422-2472                                  Anthony F LoCicero (*Pro Hac Vice*)
Facsimile: (407) 648-0161                                    Richard S. Mandaro (*Pro Hac Vice*)
Email:  tford@kbzwlaw.com                               Benjamin Charkow (*Pro Hac Vice*)
Email:  rkramer@kbzwlaw.com                       Amster, Rothstein & Ebenstein LLP
                                                                                   90 Park Avenue
Denise M. De Mory (*Pro Hac Vice*)               New York, New York 10016
Christina M. Finn                                                    Telephone:  (212) 336-8000
Corey Johanningmeier                                          Facsimile: (212) 336-8001
BUNSOW DE MORY LLP                                  Email:  ALocicero@ARElaw.com
701 El Camino Real                                              Email:  RMandaro@ARElaw.com
Redwood City, CA 94063                                    Email:  BCharkow@ARElaw.com
Telephone:  (650) 351-7248
Facsimile:  (650) 351-7253
Email:  ddemory@bdiplaw.com
Email:  jbeynon@bdiplaw.com
                                                                                   Counsel for Defendants,
Chris J. Coulson (*Pro Hac Vice*)                      *Macy's, Inc.*
BUNSOW DE MORY LLP                                  *Macy's Florida Stores, Inc.*
101 Brambach Rd.
Scarsdale, NY 10583
Telephone:  (646 502-6973
Facsimile:  (650) 351-7253
Email:  ccoulson@bdiplaw.com

Counsel for Plaintiff
*Proxicom Wireless, LLC*

4

CASE NO.: 6:18-cv-00064-RBD-GJK

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 22, 2019, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                  */s/ Gary T. Stiphany*
                                  Gary T. Stiphany