UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PROXICOM WIRELESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S, INC. AND MACY'S FLORIDA STORES, LLC, <br><br> Defendants and Counter Claimants. | CASE NO.:  6:18-cv-00064-RBD-GJK |

## PROXICOM WIRELESS, LLC'S MOTION TO COMPEL MACY'S DEPOSITION TESTIMONY

## REDACTED - PUBLIC VERSION

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................. 1

II.  FACTS ................................................................................................................. 4

    A.  Macy's Document Productions & 30(b)(6) Depositions ................................. 4

    B.  Macy's Produced An Additional Highly Relevant Document During Mr. Epshteyn's Deposition (And More After) ................................................................................................... 6

    C.  Proxicom Requested the Continued Epshteyn Deposition after Macy's Served Its Supplemental Infringement Contentions .................................................................................... 9

    D.  Macy's Withheld a Continued Deposition of Mr. Epshteyn ...................................................................................... 10

    E.  Proxicom Also Attempted to Obtain This Information From Other Sources ...................................................................... 14

    F.  Discovery Related to Deloitte Subpoena ...................................... 15

III.  LEGAL STANDARD ........................................................................................ 18

IV.  ARGUMENT ..................................................................................................... 18

    A.  The Court Should Compel the Continued Rule 30(b)(6) and 30(b)(1) Deposition of Kirill Epshteyn .................................... 19

    B.  Good Cause Exists To Extend The Discovery Period For the Limited Purpose of Allowing Third Party Deloitte to Respond to Proxicom's Subpoena ................................................. 20

V.  CONCLUSION ................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

*Beauperthuy v. 24 Hour Fitness USA*,
Case No. 06-715 SC, 2009 U.S. Dist. LEXIS 104906 (N.D. Cal.
Nov. 9, 2009) ........................................................................................................... 20

*Capers v. Noah's Ark Repair Srvcs., Inc.*,
No. 11-cv-457-Orl-28TBS, 2012 WL 5830588, (M.D. Fla. Nov.
16, 2012) ................................................................................................................. 20

*Clark v. Hercules Inc.*,
No. 2:13-cv-794, 2017 WL 3316311 (M.D. Fla. Aug. 3, 2017)................................. 18

*Commercial Union Ins. Co. v. Westrope*,
730 F.2d 729 (11th Cir. 1984) ................................................................................ 18

*Farnworth v. Procter & Gamble Co.*,
758 F.2d 1545 (11th Cir. 1985) .............................................................................. 18

*Nucletron Corp, USA v. Alpha-Omega Srvcs.*, Inc.,
No. 8:04-cv-2628-T-30TBM, 2007 WL 9723520 (M.D. Fla. Jan.
16, 2007) ................................................................................................................. 19

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*,
277 F.R.D. 676 (S.D. Fla. 2012)............................................................................. 20

*S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*,
No. 3:05-cv-708, 2007 WL 2010860 (M.D. Fla. July 6, 2007)................................. 18

*Wilson v. Jackson Nat'l Life Ins. Co.*,
No. 15-cv-926-J-39JBT, 2017 WL 10402567 (M.D. Fla. Aug.
18, 2017) ................................................................................................................. 19

FED. R. CIV. P. 26.......................................................................................................... 18

FED. R. CIV. P. 26(b)(1) ................................................................................................ 18

Plaintiff Proxicom Wireless, LLC ("Proxicom") respectfully moves the Court (i) to compel the continued Rule 30(b)(6) and 30(b)(1) deposition of Kirill Epshteyn, Macy's Vice President of Marketing Systems, and (ii) for a brief extension of the discovery period to permit third-party Deloitte LLP [and/or] Deloitte Consulting LLP (collectively, "Deloitte"), sufficient time to complete its document production because of the unavailability of its counsel (to which Macy's has indicated it does not object), and if necessary, to depose Deloitte thereafter (to which Macy's does object).[1]   Notwithstanding Proxicom's diligent efforts to complete discovery in accord with this Court's CMO and instructions at the January 15, 2019 hearing the two foregoing issues remain.   For good cause set forth in detail below, Proxicom respectfully requests that the Court order this limited additional discovery.

## I.   INTRODUCTION

Both issues raised in this motion stem, in large part, from the timing of Macy's document productions in this case, which effectively condensed the discovery period into three and a half months, including disclosure of expert reports.  As detailed below, Macy's produced the vast majority of its documents in this case after the January 15, 2019 hearing, including 23,511 documents on January 29, 2019, after Proxicom had completed taking many of its 30(b)(6) and 30(b)(1) depositions of Macy's witnesses and just two days before the deposition of Macy's employee Kirill Epshteyn, Macy's Vice President of Marketing Systems, which Proxicom now seeks to continue.  Although Mr. Epshteyn was first identified by Macy's as a

---

[1] Certain documents have been designated as confidential by Macy's or may contain Macy's confidential information. Proxicom will confer with Macy's regarding de-designating the documents or filing a joint a motion to file the documents under seal.

person with knowledge in its amended initial disclosures dated December 7, 2018, no documents for which Mr. Epshteyn was the custodian were produced prior to January 29. However, of the 23,511 documents produced on January 29, Mr. Epshteyn was the custodian of 5,200.

Macy's designated Mr. Epshteyn on several important damages-related topics relating to the data used to generate beacon messages and campaigns and the collection and use of that data; put another way, the value that Macy's derived from the data. Proxicom proceeded with the deposition notwithstanding the late production because at that time the parties' opening expert report deadline of February 27 was fast approaching. During the half-day deposition, Proxicom learned that Mr. Epshteyn had reviewed an important and revealing document that Macy's had not produced; Macy's printed a copy of the document (but not the email to which it was attached) for counsel's use after the lunch break. Proxicom kept the deposition open based on these document production issues.

Proxicom diligently reviewed the tens of thousands of documents Macy's produced in late January, February and March that raised a number of significant follow-up issues, primarily related to the value Macy's derived from its use of the beacons. A significant focus of Proxicom's efforts was damages information that related to the document produced for the first-time during Mr. Epshteyn's deposition. In response to repeated meet-and-confer requests, Macy's produced additional documents revealing more information on this issue in mid-February and in March. In addition, during February and March, the parties mediated and settled a portion of the case, Proxicom took additional depositions relating to damages issues; and Proxicom prepared and served its opening expert reports on liability and damages on

April 3.

On April 5, having been frustrated in its other efforts to obtain damages information relating to Macy's use of data collected from the beacons and concerned about certain positions Macy's had taken in the Supplemental Noninfringement Contentions it served on March 22, Proxicom asked Macy's for the continued deposition of Mr. Epshteyn on the topics on which he was previously designated as well as other related issues about which the parties had been meeting and conferring, including several sales documents that had been also produced in March.   In response, Macy's indicated that Mr. Epshteyn was not the right witness and that a different Macy's witness, Harsha Krothapalli, was more knowledgeable on the requested topics.   Proxicom accepted Macy's representation and agreed to schedule the deposition of the alternate deponent as Macy's new 30(b)(6) designee, for April 24.

The night before the deposition, however, Macy's decided to reverse course and indicated that Mr. Epshteyn was, in fact, now the appropriate witness for at least the two sales documents on which Proxicom sought testimony and another more recent updated document that had only just been produced on April 15 (MACYS181308).   Macy's demanded that Proxicom proceed with his deposition at 9:30 the next morning with a firm forty-five minute time limit.   When Proxicom declined to proceed in accordance with Macy's unilateral, strict limitations on time, order, and subject matter, Macy's stated that it would not make Mr. Epshteyn available before the close of discovery, and informed Proxicom earlier this week that Mr. Epshteyn will actually no longer be employed by Macy's after May 3.   Accordingly, Proxicom moves the Court to compel Macy's to make Mr. Epshteyn available for the continued

deposition Proxicom originally requested on April 5.[2]

With respect to the second issue concerning Proxicom's subpoena to Deloitte, ███

███████████████████████████████████████████████████████████

████████████   As detailed below, Proxicom attempted to obtain needed damages-related

material from Macy's itself.  When it became clear in early April that Macy's likely would not

provide all of the needed information, Proxicom served a subpoena on Deloitte.  Deloitte

timely responded and indicated its willingness to produce documents, but requested an

extension because its in-house counsel was set to be out of the office for about three weeks for

his wedding and honeymoon.  Macy's does not object to Deloitte's out of time production of

documents, but Proxicom respectfully requests an order from the Court permitting this out of

time production.  And although it hopefully will not be necessary, Proxicom also requests leave

to a deposition of Deloitte if the documents produced warrant further inquiry.

## II.    FACTS

### A.    Macy's Document Productions & 30(b)(6) Depositions

Proxicom served its first set of document requests on March 13, 2018.

Proxicom moved to compel the production of documents responsive to Proxicom's first

set of requests for documents on September 20, 2018.

At the time of Proxicom's motion to compel, Macy's had produced 213 documents

totaling 4,393 pages.

The Court issued its order on Proxicom's motion to compel on December 21, 2018.

---

[2] In the event that Macy's can no longer produce Mr. Epshteyn for depositions, Proxicom requests leave to subpoena Mr. Epshteyn.

As of December 21, Macy's had produced 736 documents, 7,585 pages in total (523 documents totaling 3,292 pages were produced while the motion to compel was pending).

On January 11, 2019, the parties agreed that Proxicom would take 30(b)(6) depositions of Macy's on January 21 in Georgia and January 29-31 in San Francisco.  Based on its understanding of the information available from each witness on the specified topics, Macy's set the schedule, with half of the six witnesses being produced for half-day depositions.

On January 14, 2019, Macy's produced 863 additional documents totaling 5,992 pages.

On January 22, 2019, Macy's produced 5,362 additional documents totaling 21,863 pages.

On January 24, 2019, Macy's produced 6,084 additional documents totaling 21,792 pages.

The deposition of Kirill Epshteyn was set to proceed on January 31.   As of 48 hours before that, none of the documents produced by Macy's included Kirill Epshteyn as a custodian.[3]   On January 29, 2019, Macy's produced 23,511 additional documents totaling 121,455 pages.[4]  Mr. Epshteyn was the custodian for 5,200 of the 23,511 documents produced on January 29, 2019.

On January 31, Mr. Epshteyn was produced as a 30(b)(6) designee for topics 21-24 and in his individual capacity.  These topics relate data used to deliver beacon messages, the origin of such information in relationship to other Macy's systems, and how Macy's collects and uses

---

[3] He was the custodian of a single non-substantive logo-type image produced on January 24.

[4] Two half-day 30(b)(6) depositions of Macy's witnesses regarding beacon campaign and sales-related data also occurred on this same day that these documents were produced.

data collected from the beacons:

**TOPIC NO. 21:**
The algorithms, rules, and/or procedures that have been used from January 1, 2010 to the present to determine when to send push and/or SMS messages or other messages to user devices in relation to Macy's, and the content of such messages, and how these algorithms, rules, and/or procedures were implemented to generate what messages with what content.

**TOPIC NO. 22:**
The business rules and business processes that have been used from January 1, 2010 to the present to determine when to send push and/or SMS messages or other messages to user devices in relation to Macy's, and the content of such messages, and how these rules and business processes were implemented to generate what messages with what content.

**TOPIC NO. 23:**
Macy's personnel currently and/or previously responsible for monitoring or evaluating the performance of the Macy's App, the Bloomingdale's App, the Shopkick App and related hardware, software, systems and data.

**TOPIC NO. 24:**
Macy's personnel currently and/or previously responsible for reporting related to the Macy's App, the Bloomingdale's App, the Shopkick App and related hardware, software, systems and data, including an identification of what types of reports have been generated, what information the reports contained, and the sources of data for the reports.

**B.     Macy's Produced An Additional Highly Relevant Document During Mr. Epshteyn's Deposition (And More After)**

During the deposition of Mr. Epshteyn, Proxicom learned, to a limited extent, the significance of a system known as the RTDM (Real Time Decision Manager) to data collected from beacons.[5]   Proxicom has since learned that RTDM was ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[5] Prior the January productions, only 7 documents mentioning RTDM had been produced; as of January 29, 645 documents mentioning RTDM had been produced.

████████████████████████████████   Ex. 1 (SASPROD00169-171).   These

customized, real-time messages read directly on several asserted patent claims.   And from the

damages perspective, the RTDM implementation shows that Macy's ████████████████

████████████████████████████████   harness the benefits of the

infringing technology, Ex. 2, Krothapalli Dep. Tr., 58:5-23, and would ████████████

████████████████████   *id.*, 78:8-79:16.[6]

   Although counsel had not yet reviewed the newly produced documents regarding

RTDM to learn its full significance, Mr. Epshteyn clearly understood its significance to the

topics on which he was designated.   He indicated that in the course of his preparation he

████████████████████████████████████████████████████████

████████████.   Ex. 3, Epshteyn Dep. Tr., 19:4-15.   Despite being collected as part of

Mr. Epshteyn's preparation, the document had not previously been produced:



---

[6] In his expert report, Proxicom's damages report reserved the right to supplement to the extent additional information regarding Macy's use of data collected from beacons became available in discovery.



Ex. 3, Epshteyn Dep. Tr., 20:14-22:3.

Thereafter, in the course of other depositions and document review, Plaintiff learned that ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████████  In particular, two weeks later, on February 13, 2019, Macy's produced for the first time the cover email to the RTDM Report that Macy's printed during Mr. Epshteyn's deposition that confirmed tha ███████████ ██████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████

Among other efforts to obtain information on topics and documents for which Proxicom now seeks the continued deposition of Mr. Epshteyn, on February 27, Proxicom requested that Macy's produce Mike Tobin, Vice President of Product Management at Macy's, for deposition.  Ex. 4. On March 4, 2019, Proxicom asked Macy's to provide additional e-mails regarding RTDM, as it was now apparent from the recently produced cover email the report (and e-mail) revealed in the Epshteyn deposition was not the only one. Ex. 5, pp. 29-30 (March 4, 2019 1:50 PM).  Proxicom deposed Mr. Tobin on March 11,

2019.  Mr. Tobin was unable to answer any questions regarding ███████████████

███████████████████████████████████ Ex. 6, Tobin

Dep. Tr., 49:3-20; Ex. 7, McCaughey Dep. Tr. 63:16-25.

In addition to the deposition of Mr. Tobin (and third-party discovery discussed below),

Proxicom's meet and confer efforts resulted in Macy's producing another 1,103 documents -

more documents than Macy's had produced as of the Court's order on Proxicom's motion to

compel, after Mr. Epshteyn was deposed.

**C.    Proxicom Requested the Continued Epshteyn Deposition after Macy's Served Its Supplemental Infringement Contentions**

Despite the RTDM report that was produced to Proxicom's attorney at the Epshteyn

deposition that indicated that Macy's implemented ███████████████████

███████ and the many other RTDM documents produced in January, on March 22 Macy's

supplemented its non-infringement contentions, claiming that Macy's beacon campaigns

███████████████████████████████████████████

███████████████████████████████████████████

███████ p. 10).  Ex. 8, March 22, 2019 Non-Infringement Contentions, pp. 4-5, 7, 10.

Proxicom asked Macy's to explain this contradiction, specifically inquiring as to how the

non-infringement contentions were consistent with the RTDM report, but Macy's responded

that Macy's "stands by" its March 22 supplemental contentions.  Ex. 5, pp. 23-24 (March 29,

2019 at 3:44 PM).   In view of these contentions, Macy's use of RTDM now became even

more significant because it potentially impacted infringement and damages.

To address all the new documents that had been produced and to address Macy's

supplemental contentions which contradicted the documents Macy's previously produced, on

April 5, 2019, Proxicom requested that "Macy's make Kirill Epshteyn available for

continued deposition on either April 23, 24, 25 or 26 in San Francisco so that Proxicom can

continue its inquiry regarding Topics 21-24 and the witnesses' [sic] personal

knowledge." Ex. 5, pp. 21-23 (April 05, 2019 6:16 PM). Proxicom requested the

continuation of his individual deposition, in addition to the continuation of the 30(b)(6)

deposition, so that Proxicom could inquire about identified documents that had recently been

produced and the damages related topics about which the parties were meeting and

conferring, even if they did not strictly fall within the scope of the four topics on which Mr.

Epshteyn was designated.

### D.      Macy's Withheld a Continued Deposition of Mr. Epshteyn

In response to Proxicom's April 5th request for the continued deposition of Mr.

Epshteyn as to Topics 21-24, Macy's indicated that it was "determining whether Kirill

Epshteyn is the most knowledgeable individual█████████████████████████

████████████████████" and that it would "advise in the next few days of

the proper deponent from Macy's and their availability to be deposed." Ex. 5, p. 20 (April 8,

2019 3:56 PM).

On April 10, Macy's advised that it "confirmed that Harsha Krothapalli from Macy's

would be the appropriate person from Macy's to discuss the RTDM beacon messaging

implementation from approx. June 2017 through Feb. 2018." Ex. 5, pp. 18-19 (April 10, 2019

5:02 PM).

On April 12, Macy's offered Mr. Krothapalli for April 24.  Proxicom accepted the same

day.  But Proxicom had concerns about whether Mr. Krothapalli would be able to cover all

necessary topics.  In fact, in Proxicom's email accepting Mr. Krothapalli, Proxicom also specifically asked:

> Additionally, who can testify about the [six Excel] documents produced and described in [Mr. Mandaro's] March 5 email?  Please advise whether Harsha Krothapalli will be prepared to testify about those documents.  They fall into the scope of deposition topics that were covered in depositions more than a month prior to your March 5 production. Proxicom is entitled to witness testimony about these documents.

Ex. 5, pp. 13-15 (April 12, 2019 8:18 PM).  In response, Macy's indicated it would "do [its] best to have Harsha Krothapalli prepared to testify regarding the documents Macy's produced on March 5, 2019."  Macy's continued, by explaining that, "some of those documents were produced in response to Rob Beavers deposition relating to finances and Shopkick and he is not the appropriate witness to testify about them (e.g., MACYS181230, MACYS181231, MACYS181232)."  Ex. 5, pp. 12-13 (April 15, 2019 5:22 PM).

The six Excel documents produced by Macy's on March 5, 2019 included MACYS181233 and MACYS181234, which Macy's counsel described as "replac[ing] the beacon online sales information previously produced by Macy's as MACYS003471 (native)."[7] Ex. 10. Proxicom's 30(b)(6) Topics 26 and 27 were specifically directed to MACYS003471, and Macy's produced two different witnesses to testify about those two topics on January 29,

---

[7] Proxicom learned on April 23 that Mr. Epshteyn created the "replacement" documents. However, he did not create that original spreadsheet which was now being replaced.  Rather, Amber Lee created MACYS003471 (Ex. 9, Lee Dep. Tr. at 12:3-5), and Macy's provided her to testify as its 30(b)(6) witness regarding "the method used to generate [it], including who generated the document, what database(s) or other sources of information were used to generate the document, the contents of those database(s) or sources of information and from where the data was originally obtained or derived, and what parameters, filters or settings were used."  *Id*.  at 11:9-12.

2019.  Apparently, this day of testimony was now moot.  Although Macy's counsel provided much explanation in its March 5 email regarding the two documents that were now "replacing" the single prior document produced by Macy's regarding beacon online sales information, counsel's explanation does not amount to evidence regarding those documents, to which Proxicom is still entitled.

Thus, on Monday, April 22, two days before Mr. Krothapalli's scheduled deposition, Proxicom requested confirmation that Mr. Krothapalli would "be prepared to testify regarding the creation of these [two Excel documents, MACYS181233 and MACYS181234, produced on March 5] and the information [Macy's] represented in [the] email [producing them], including how it was verified and by whom."  Ex. 5, p. 11 (April 22, 2019 12:17 PM).  At nearly 7 p.m., Macy's responded that: "this is not Mr. Krothapalli's area.  He was not involved the preparation of these documents.… [I]t is unlikely he has any knowledge regarding these sales related documents."  Ex. 5, pp. 10-11 (April 22, 2019 6:48 PM).  Macy's also falsely asserted that April 22 was the first time Proxicom asked about these documents.  *Id.*

Within 10 minutes, Proxicom explained the history of its request for testimony regarding these documents, and that Macy's had previously indicated it would prepare Mr. Krothapalli to testify about them.  Ex. 5, pp. 9-10 (April 22, 2019 6:58 PM).  Proxicom requested that Macy's will advise by noon the following day "whether Mr. Krothapalli will be prepared to testify about these documents, and if not, who is the appropriate person with knowledge about them."  *Id.*  Macy's did not respond by noon.  Instead, Proxicom was forced to follow up.  Then, when Macy's finally responded, at 2:15 p.m. Pacific time, the evening before Mr. Krothapalli's scheduled deposition, and after the Court in Florida was closed for

the day, Macy's identified Mr. Epshteyn as the witness to testify about two of the documents produced on March 5 and another document produced on April 15.  Ex. 5, p. 8 (April 23, 2019 5:15 PM). Without attempting to meet and confer with Proxicom regarding its proposed solution to Proxicom's requested testimony, Macy's stated that Mr. Epshteyn would be made available less than 18 hours later for a strictly limited 45 minutes of questioning.  *Id*.  Macy's further demanded immediate confirmation as to whether Proxicom would agree to this surprise proposal and change of course.  *Id*.

Proxicom declined Macy's unreasonable eleventh-hour proposal, explaining that Macy's had the opportunity to identify Mr. Epshteyn as the appropriate person to testify regarding the documents when Proxicom specifically inquired about those documents on April 12, but failed to do so at that time. Ex. 5, pp. 6-7 (April 23, 2019 8:19 PM).  Proxicom further objected to the notice, limited amount of time, and Macy's attempt to limit the questioning of Mr. Epshteyn to only those two documents.  *Id*.  Proxicom requested that Macy's provide dates within the remaining discovery window on which Mr. Epshteyn could "be made available for a fulsome and complete continued deposition."  *Id*.

Macy's refused, indicating that stated that its unilaterally conditioned offer to depose Mr. Epshteyn on less than 18 hours' notice, while Proxicom's counsel was preparing depose an entirely different Macy's witness, was a take-it-or-leave it offer.  Ex. 5, pp. 5-6 (April 23, 2019 6:11 PM).  Counsel for Proxicom responded to Macy's allegations in its email and then followed up with a phone call.  On that call, Proxicom inquired as to whether Mr. Epshteyn could be made available for longer or later the next day, rather than at 9:30 a.m.  Macy's counsel said they were only willing to offer him for 45 minutes and was not sure whether he

was available later in the day.  (Finn Decl. ¶18).  When Proxicom's counsel inquired whether Mr. Epshteyn was available the following week to be deposed, Macy's counsel indicated he had not asked, so he did not know.  (Finn Decl. ¶19).  Had Macy's attempted to meet and confer by phone with Proxicom earlier in the day, perhaps the parties could have come to a mutually agreeable resolution, but unfortunately by nearly 9 p.m. the night before the scheduled deposition, there was simply no time to do so, nor was Macy's willing to explore any options that the ones it unilaterally demanded Proxicom agree to in order to obtain its timely requested discovery.

Proxicom subsequently requested an in-person meet and confer in New York, where Macy's counsel's office is located.  But no one from Macy's team was available for 3 business days as the close of discovery was approaching.  However, Macy's counsel indicated his "belie[f that] we have adequately met and conferred regarding this issue by way of our exhaustive email exchanges, and phone discussion on Tuesday evening, and no further discussions are necessary."  Ex. 5, p. 1 (April 26, 2019 7:59:24 AM)  On April 29, 2019, Proxicom then asked if Macy's would agree to a brief extension of the discovery period to allow the parties to find a mutually agreeable time to schedule the deposition of Mr. Epshteyn. Ex. 11.  Macy's refused, and notified Proxicom for the first time, that in fact "Mr. Epshteyn will no longer be working for Macy's after May 3, 2019, and it is unclear whether he either be available or be under Macy's control."  Ex. 11.

### E.    Proxicom Also Attempted to Obtain This Information From Other Sources

Proxicom did not count on additional Macy's depositions alone to determine the true scope of the use of Macy's RTDM system with regard to beacon-triggered messaging.  Given

the significant unresolved issues regarding Macy's production, infringement contentions and deposition testimony that remain, Proxicom was forced to subpoena SAS and then Deloitte. ███████████████████████████████████████████ SAS promptly produced detailed documents confirming███████████████████████████████ and Proxicom used some of these documents at the deposition of Krothapalli.  Exs. 1 and 12. Utilizing these documents, Proxicom was able to establish tha ████████████████



████████████████████████████████████

For example, one of ways that Macy's used the RTDM █████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

Ex. 2, Krothapalli Depo. at 46:14-24, 52:21-53:11, 58:4-59:7; Ex. 12 (SASPROD00012-20); Ex. 1 (SASPROD00169-71) at 169 █████████████████████████

██████████████████████████████████████████

█████████████████████████████████ This capability is exactly what Macy's witnesses and Macy's court-ordered non-infringement contention supplement said Macy's was *not* doing.  Ex. 8, March 22, 2019 Non-Infringement Contentions, pp. 4-5, 7, 10 (see Macy's deposition testimony cited therein).

### F.     Discovery Related to Deloitte Subpoena

Proxicom discovered that Deloitte had provided Macy's with highly relevant work product (recommendations and technology valuations) during the time period relevant to this litigation through Proxicom's diligent review of Macy's document production.  Ex. 13.

Proxicom requested that Macy's provide documents related to Deloitte's work product on November 14, 2018.  *Id*.  Macy's did not respond.  *Id*.  Proxicom again requested that Macy's produce Deloitte documents in a December 5, 2018 letter.  *Id*.  Macy's produced a few Deloitte-related documents on December 27, 2019.  Proxicom promptly continued to press for continued supplementation.  Ex. 14.

Macy's additional document production over the next several months in response to Proxicom's repeated discovery demands and diligent follow-up (as described above), however, did not provide additional documents that Macy's may have obtained from Deloitte and did not provide additional information regarding Deloitte's valuation methodology of relevant technologies on behalf of Macy's.  Macy's witnesses had only limited information regarding Deloitte's recommendations and valuations.

Instead, Macy's advised Proxicom on April 11, 2019 that Macy's had a 90-day e-mail retention policy in place, apparently indicating at this late date that Macy's would be unlikely to have additional Deloitte-related documents.  Ex. 5, p.11.  Macy's initially implied that Proxicom was already aware of this policy, but Macy's has not explained how Proxicom would have been aware in response to Proxicom's direct inquiry.  Ex. 5, pp. 12-13 (April 15, 2019 5:22 PM).

Proxicom served Deloitte with subpoenas on April 10, 2019.[8]  Proxicom's subpoena timely requested document production and a deposition prior to the fact discovery deadline

---

[8] Proxicom subpoenaed two related entities Deloitte LLP and Deloitte Consulting LLP.  The two subpoenas are substantively identical and based on Deloitte's response, the particular Deloitte entity that will provide documents and, if needed, a witness is not at issue.

of May 3, 2019.  *See* Dkt. No. 33 at 9 (Section I.D).  In response to the notice of subpoena, counsel for Macy's stated that "[w]e intend to attend, participate and ask questions of any Deloitte witness that is produced in response to either of these subpoenas."  Ex. 15.

Counsel for Deloitte, Mr. Karim Aoun, reached out to Proxicom counsel regarding the subpoena by telephone on April 19, 2019.  Deloitte provided a formal letter response on April 22, 2019, and Proxicom and Deloitte counsel conferred by telephone later that same day.  Mr. Aoun informed Proxicom counsel that he would be out of the office through May 15, 2019 for his wedding and honeymoon, and that no other Deloitte counsel was available to address the subpoena in his absence.   Proxicom counsel agreed to provide a narrowed list of documents requested in response to Proxicom's subpoena, and Mr. Aoun has agreed to search for certain documents upon his return.  Ex. 16.

Counsel for Macy's has consented to Deloitte's production of documents after the fact discovery deadline (May 3, 2019), but has not indicated that it does not consent to a Deloitte deposition or any supplementation of expert reports based on any Deloitte documents produced after May 3,[9] and has not consented to a deposition of Deloitte after May 3.

---

[9] Federal Rule of Civil Procedure 26(e) provides as follows:

(2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

## III.     LEGAL STANDARD

"[A] motion to compel discovery is committed to the discretion of the trial court."[10] Discovery is intended to provide a full and accurate understanding of the facts.[11]

Discovery may regard "any nonprivileged matter that is relevant to any party's claim or defense."[12]  "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence."[13]  "Notably, [t]he recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, ***do not change*** the definition of relevance."[14]

## IV.     ARGUMENT

Proxicom has diligently pursued discovery in this action.  Macy's has either delayed producing documents and witnesses, or outright attempted to mislead Proxicom in its non-infringement contentions.  The Court should allow Proxicom to close out its discovery for the two narrowly-focused areas that Proxicom identifies in this motion.

---

Proxicom understands this to require supplementation in the event that the experts learns of new information and that such supplementation must occur by the 26(a)(3) deadline.  The CMO provides that the deadline for expert discovery is June 28, 2019.

[10] *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

[11] *S.L. Sakansky & Assocs., Inc. v. Allied Am. Adjusting Co. of Fla., LLC.*, No. 3:05-cv-708, 2007 WL 2010860, at *1 (M.D. Fla. July 6, 2007).

[12] FED. R. CIV. P. 26(b)(1); *Farnworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (Federal rules "strongly favor full discovery whenever possible").

[13] *Clark v. Hercules Inc.*, No. 2:13-cv-794, 2017 WL 3316311, at *1 (M.D. Fla. Aug. 3, 2017).

[14] *Id.* (emphasis added) (internal quotation and citation omitted).

### A.    The Court Should Compel the Continued Rule 30(b)(6) and 30(b)(1) Deposition of Kirill Epshteyn

Proxicom diligently pursued the deposition of Mr. Epshteyn. Macy's, however, failed to produce key documents, which was discovered only through diligent questioning of the witness. Based on these key documents, Proxicom unearthed numerous other related documents through third-party discovery and dogged pursuit of Macy's at deposition and through document discovery.

Macy's late document production and effective refusal to produce the witness for a timely requested deposition is ample good cause for the requested schedule extension.[15] This Court has found good cause where, as is the case here, questioning of the deponent revealed additional documents which were later produced, resulting in a request for a continued deposition.[16]

Proxicom seeks a reasonable half-day deposition of Mr. Epshteyn. Macy's has a duty to make reasonable efforts to produce him, even if he is now a former employee.[17]

---

[15] *Wilson v. Jackson Nat'l Life Ins. Co.*, No. 15-cv-926-J-39JBT, 2017 WL 10402567 (M.D. Fla. Aug. 18, 2017) (newly produced documents and Defendant's refusal to timely produce witness good cause for schedule extension to allow for compelled deposition); *Nucletron Corp, USA v. Alpha-Omega Srvcs.*, Inc., No. 8:04-cv-2628-T-30TBM, 2007 WL 9723520, *1 (M.D. Fla. Jan. 16, 2007) (granting motion to compel, reopening discovery to permit continued deposition of fact witness).

[16] *Capers v. Noah's Ark Repair Srvcs., Inc.*, No. 11-cv-457-Orl-28TBS, 2012 WL 5830588, *1 (M.D. Fla. Nov. 16, 2012).

[17] *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) (scope of 30(b)(6) preparation includes knowledge of former employees; this duty is a consequence of the privilege of doing business using the corporate form); *Beauperthuy v. 24 Hour Fitness USA*, Case No. 06-715 SC, 2009 U.S. Dist. LEXIS 104906, at *17 n.5 (N.D. Cal. Nov. 9, 2009) (Order) ("the text of Rule 30(b)(6) leaves no doubt that a former employee can and

**B.      Good Cause Exists To Extend The Discovery Period For the Limited Purpose of Allowing Third Party Deloitte to Respond to Proxicom's Subpoena**

Proxicom's subpoena to Deloitte was timely served and is of reasonable scope.   Dkt. No. 33 (CMO) at 9 (Section I.D) (discovery that allows for response prior to discovery deadline timely).   The subpoena seeks highly relevant documents related to valuation analysis for relevant technologies, on which Proxicom's damages expert relies.   Proxicom and Deloitte counsel have already agreed on a limited set of documents that Deloitte will search for when Deloitte counsel returns.   Ex. 16.   Given the progress made on the Deloitte subpoena, Proxicom respectfully requests that the Court allow the subpoena process to continue will a limited extension to allow Deloitte a reasonable time to provide documents (and if needed testimony), given Deloitte counsel's current absence.

The requested limited extension to the fact discovery deadline will not require any discovery after the deadline for dispositive motions and will not affect the dispositive motions deadline or trial date.   Proxicom believes that this limited fact discovery extension will not require an extension of any other deadline.   Proxicom does note, however, that the additional material may require supplementation of Proxicom's expert reports pursuant to Federal Rule of Civil Procedure 26(e).

**V.      CONCLUSION**

Proxicom respectfully requests that the Court (i) compel Macy's to undertake to produce Mr. Kirill for a half-day deposition by May 30, 2019; (ii) extend the fact discovery

---

should be designated as a Rule 30(b)(6) deponent, if the former employee is the most knowledgeable individual and as long as the former employee consents.").

deadline as to a subpoena for testimony by Mr. Kirill (should one be necessary) and as to production of documents and deposition in response to the Deloitte subpoena until June 15, 2019.

Dated:  May 3, 2019                         Respectfully submitted,


                                            */s/ Denise M. De Mory*_____

                                            Taylor F. Ford
                                            Florida Bar No.: 0041008
                                            Robyn M. Kramer
                                            Florida Bar No.: 0118300
                                            KING, BLACKWELL, ZEHNDER &
                                            WERMUTH, P.A.
                                            25 E. Pine St.
                                            P.O. Box 1631
                                            Orlando, FL 32802-1631
                                            Telephone: (407) 422-2472
                                            Facsimile: (407) 648-0161
                                            Email:  tford@kbzwlaw.com
                                            Email:  rkramer@kbzwlaw.com

                                            Denise M. De Mory (*Pro Hac Vice*)
                                            Christina M. Finn (*Pro Hac Vice*)
                                            Corey Johanningmeier (*Pro Hac Vice*)
                                            BUNSOW DE MORY LLP
                                            701 El Camino Real
                                            Redwood City, CA 94063
                                            Telephone:  (650) 351-7248
                                            Facsimile:  (650) 351-7253
                                            Email:  ddemory@bdiplaw.com
                                            Email:  cfinn@bdiplaw.com
                                            Email:  cjohanningmeier@bdiplaw.com

                                            Chris J. Coulson (*Pro Hac Vice*)
                                            BUNSOW DE MORY LLP
                                            101 Brambach Rd.
                                            Scarsdale, NY 10583
                                            Telephone:  (646 502-6973

Facsimile:  (650) 351-7253
Email:  ccoulson@bdiplaw.com

Counsel for Plaintiff
*Proxicom Wireless, LLC*

## CERTIFICATE UNDER LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g) counsel for Proxicom certifies that the parties

conferred by email and telephone in a good-faith effort to resolve the issues presented by this

motion.

Over two days, Monday, April 22, and Tuesday, April 23, Mr. Mandaro and I

exchanged 10 emails setting forth in detail our respective positions regarding the requested

deposition of Mr. Epshteyn and Macy's offer and restrictions regarding the same.

Additionally, Mr. Mandaro and I spoke by phone at 8:00 p.m. Pacific time on Tuesday,

April 23 after nearly all the emails had been exchanged.  We spoke for approximately 15

minutes, but were unable to reach resolution at that time as to the deposition being proposed

for the following morning.  The day after the deposition, I followed up with Mr. Mandaro to

confirm his position that Macy's would not be producing Mr. Epshteyn for a continued

deposition and requesting an in-person meet and confer in New York the next day.  Mr.

Mandaro indicated that no one from his team was available for an in-person meet and confer,

but that it was his belief that "we have adequately met and conferred regarding this issue by

way of our exhaustive email exchanges, and phone discussion on Tuesday evening, and no

further discussions are necessary."

On April 29, 2019, I emailed Mr. Mandaro requesting that Macy's agree to a brief

extension of the discovery period to allow the parties to find a mutually agreeable time to

schedule the deposition of Mr. Epshteyn and to allow for Deloitte to respond to Proxicom's

subpoena.  On April 30, Mr. Mandaro responded that Macy's would not agree to provide Mr.

Epshteyn or to extend the discovery deadline, but did "consent to Deloitte's production of

-1-

any additional documents in response to Proxicom's two subpoenas" but not to any deposition of Deloitte.

While the parties have been able to clarify and narrow the disputed issues as a result of correspondence and the above meet-and-confer, the parties have been unable to resolve the disputes presented in this motion.

Dated:  May 3, 2019                                  Respectfully submitted,

_/s/ Denise M. De Mory_

Taylor F. Ford
Florida Bar No.: 0041008
Robyn M. Kramer
Florida Bar No.: 0118300
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
25 E. Pine St.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
Email:  tford@kbzwlaw.com
Email:  rkramer@kbzwlaw.com

Denise M. De Mory (_Pro Hac Vice_)
Christina M. Finn (_Pro Hac Vice_)
Corey Johanningmeier (_Pro Hac Vice_)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone:  (650) 351-7248
Facsimile:  (650) 351-7253
Email:  ddemory@bdiplaw.com
Email:  cfinn@bdiplaw.com
Email:  cjohanningmeier@bdiplaw.com

Chris J. Coulson (*Pro Hac Vice*)
BUNSOW DE MORY LLP
101 Brambach Rd.
Scarsdale, NY 10583
Telephone:  (646 502-6973
Facsimile:  (650) 351-7253
Email:  ccoulson@bdiplaw.com

Counsel for Plaintiff
*Proxicom Wireless, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on May 3, 2019, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/ Denise M. De Mory_
Denise M. De Mory